(28 Misc. Rep. 442.)

### ROTTENBURG v. STAJER et al.

### SAME v. STAJER.

(City Court of New York, General Term.  June 29, 1899.)

**1.** INQUESTS—MOTION TO VACATE—REVIEW.

The order of the special term refusing to vacate an inquest is discretionary, and will not be disturbed by the general term except in case of clear abuse.

**2.** SAME—CONTINUANCE.

It is proper to refuse to adjourn a trial because of an "expected agreement," where unsupported by affidavit.

**3.** SAME.

An affidavit of merits is necessary in order to prevent the taking of an inquest.

Appeal from special term.

Actions by Ignatz M. Rottenburg against Louis Stajer and another and against Louis Stajer alone.   From an order denying defendants' application to set aside inquests taken by plaintiff, defendants appeal. Affirmed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Robert L. Turk, for appellants.

Samuel I. Frankenstein, for respondent.

HASCALL, J.    The appellants seek to set aside inquests taken by the respondent at the trial term, and these appeals come before us from an order made at special term denying the application for such relief.    We find that no abuse of that discretion which is lodged in the court at special term was made in this case.    The decision to vacate an inquest is entirely a discretionary one, and, without a clear abuse, will not be disturbed by the general term.    2 Rum. Prac. p. 228; Leighton v. Wood, 17 Abb. Prac. 177.    Upon the trial no legal or reasonable excuse for postponement was advanced, and the justice there presiding properly declined to adjourn the trial because of an "expected agreement," unsupported by affidavit of any kind.    We may also allude to the absence of the affidavit of merits required by the rule as an additional ground for our decision hereon.    Johnson v. Lynch, 15 How. Prac. 199.

Order appealed from affirmed, with costs.   All concur.