BOND STORES, INC., Appellant, *v.* JAMES TURNER, as President, and " HERMAN " FINE, as Secretary of Retail Employees Union, Local No. 43, the Name " Herman " Being Fictitious, etc., and Others, Respondents.

Third Department, July 2, 1941.

*James M. Noonan,* for the appellant.

*John Braun* [*Liebowitz & Schuman* and *Aaron Trager* of counsel], for the respondents.

SCHENCK, J. This is an appeal from an order of the Special Term granting defendants permission to serve and file an answer. No answer was served within twenty days of service of the summons and complaint. The motion herein was made more than one year after the expiration of the said twenty-day period.

The circumstances surrounding the failure to answer are unusual. When the original process was served, motion papers for an injunction *pendente lite* were simultaneously served. Upon argument of the motion, a temporary injunction was denied by the Special Term. An appeal was taken to this court, which reversed the lower court and granted the temporary injunction. (258 App. Div. 769.) Next, a motion was made for an order of this court certifying a question of law and asking leave to appeal to the Court of Appeals. This was denied. (Id. 828.) Thereupon, an appeal from this order of denial was filed. This appeal, however, was not prosecuted. Following this transpired considerable negotiation between attorneys for the respective parties hereto.

During all of this time the service of an answer had been neglected. The question now arises as to whether the Special Term was properly exercising its discretion in permitting an answer to be entered at this time.

I think the lower court acted properly. The matter was discretionary. The proper exercise of discretion has generally been held as leaning decidedly toward giving a party his " day in court." (*Leighton* v. *Wood*, 17 Abb. Pr. 177; *Baldwin* v. *Yellow Taxi Corp.*, 221 App. Div. 717; *Rycroft* v. *Pierce*, 150 id. 521.) The tendency through these and other similar cases is to permit the answer to be interposed unless a party has acted willfully or in bad faith, or has been grossly and inexcusably negligent.

In the case at bar the attorneys for defendants apparently became enmeshed in a series of appeals and motions concerning the temporary injunction. They appeared in all courts involved and diligently and actively engaged in litigation on this phase of the matter. They should not be penalized for the failure to answer the complaint, especially as no damage would be incurred by plaintiff because of the delay. This is an action involving an employer and a labor union. The employer having successfully

enjoined the picketing of its store " *pendente lite* " cannot be said to have been injured because of a year's delay in joining issue of the merits on the question of a permanent injunction.

Furthermore, the granting of a temporary injunction does not decide the question as to plaintiff's right to a permanent injunction. The temporary injunction merely maintained the " *status quo* " until the merits of the case might be passed upon. The parties should have their day in court as to those merits.

Failure of defendants to serve a proposed answer with their motion papers herein merely amounts to an irregularity and is not controlling. Defendants' affidavits clearly indicated that a defense would be interposed and the nature thereof. The validity of that defense goes to the merits of the case and should be passed upon at the trial. There was no abuse of discretion on the part of the Special Term.

The order should be affirmed.

HILL, P. J., CRAPSER and BLISS, JJ., concur; HEFFERNAN, J., dissents.

Order affirmed, with ten dollars costs.