G. Robert Witmer, J.
Plaintiff has moved to have defendant adjudged in contempt of court for failure to make alimony payments as directed by a judgment of this court entered August 26, 1955. Defendant has cross-moved to vacate said judgment because it was entered in violation of rule 190 of the Rules of Civil Practice.
It appears that in April, 1950 plaintiff instituted a separation action against defendant. The defendant did not answer or appear in the action; but it appears that plaintiff’s attorney communicated with him from time to time concerning the action. On December 6, 1954 plaintiff’s attorney wrote defendant as follows:
“ You will recall that at the time you agreed to continue to pay a reduced amount per month for your wife’s support after the children were grown, I promised not to move the separation action without giving you an opportunity to defend yourself.
“ This is your opportunity: I shall accept your pleading or motion directed to the complaint up to and including December 31, 1954, and not thereafter.”
Thereafter on January 11, 1955 plaintiff’s attorney advised defendant by mail that his time to answer would expire on January 20, 1955.
In August, 1955, without notice to defendant under rule 190 of the Rules of Civil Practice, plaintiff noticed the action for trial on the default matrimonial calendar, presented proof and obtained the judgment which is the basis of these motions.
Plaintiff contends that rule 190 does not apply because defendant was not in default until January 21,1955, less than one year before entry of the judgment.
Such construction and limitation of rule 190 may not be made. Defendant was in default when he failed to answer or appear. The extension of his time to answer by plaintiff was purely voluntary on her part. There is nothing to show that defendant requested it or accepted it. For that matter, the extensions were made by mail, and there is no showing that defendant ever received them. Defendant’s right to a five-day notice of application for judgment after he had failed to answer for more than one year could not be denied him by unilateral agreements for the extension of time to answer. If such construction were adopted, the application of rule 190 could often be nullified by ruse. The right to such notice is a substantial one, and defendant might well have wished to be heard concerning the amount of alimony.
Since it is undisputed that no notice of application for judgment was given, the court lacked jurisdiction to enter the judg *290 ment. The cross motion to vacate it is therefore granted. (Rules Civ. Prac., rule 190; Mahnk v. Blanchard, 233 App. Div. 555.)
In view of the foregoing ruling, plaintiff’s motion to have defendant adjudged in contempt for failure to obey said judgment is denied.
Submit order accordingly.