LINZIE BALLARD, Appellant-Respondent, v. BILLINGS & SPENCER Co., Respondent; UNITED GREENFIELD CORPORATION et al., Appellants.

Fourth Department, February 18, 1971.

*Charles D. Brown (Sheldon Hurwitz* and *Terry Smith* of counsel), for United Greenfield Corporation and another, appellants.

*Garvey, Magner & Sullivan (James A. Garvey* of counsel), for Linzie Ballard, appellant-respondent.

*Adams, Brown, Starrett & Maloney (Robert J. Connelly* of counsel), for Billings & Spencer Co., respondent.

WITMER, J.   This appeal involves a practice question and a determination of the applicability herein of the CPLR.   The action arises out of an eye injury suffered by plaintiff when a two-pound metal ballpeen hammer he was using splintered. Plaintiff alleges that defendant, United Greenfield Corporation (United), or its subsidiary, sold the hammer to his employer, and that the defendant, Billings & Spencer Co. (Billings) or Houdaille Industries, Inc. (Houdaille), or one of their respective subsidiaries, manufactured the hammer in a negligent manner.

The accident happened in November, 1961 and not until November, 1964 was a summons served to initiate this action. Because of lack of knowledge as to who manufactured the hammer, originally nine companies were made defendants. Defendants United and Houdaille promptly filed notices of appearances through an attorney (Schnorr) and demanded service of summons and complaint; and defendant Billings did likewise through its attorneys.   After an examination before trial the complaint was served in September, 1965, at which time the action was discontinued against defendants other than those above mentioned and some subsidiaries.   Billings promptly served its answer, but United and Houdaille did not answer.

Within a month of receiving Billings' answer plaintiff's attorney wrote to attorney Schnorr twice, reminding him to answer. In November, 1965, however, plaintiff served a note of issue stating that issue was joined, and in April, 1966 he filed a further notice of issue with certificate of readiness, stating that all pleadings had been served.

Billings' answer contained a defense that the court lacked jurisdiction, and plaintiff's attorney sought the aid of Mr. Schnorr, attorney for United and Houdaille, to establish jurisdiction over Billings. Schnorr provided the necessary information about Billings to the plaintiff, so that Billings in the summer of 1967 withdrew its defense of lack of jurisdiction. In November, 1967 plaintiff again wrote to Mr. Schnorr requesting that he serve answers for United and Houdaille, but still none was served. During this period the case had been placed on the general docket. In March, 1968 plaintiff served a new note of issue and certificate of readiness, stating that all pleadings had been served, and he successfully moved to restore the case to the calendar. In September, 1968 the case reached the day calendar. At a pretrial conference in December, 1968 plaintiff informed attorney Barrett, trial counsel for United and Houdaille, that his clients had not answered; but Barrett did nothing about it. It is noteworthy that at this time plaintiff was expecting United and Houdaille to serve their answers, and he did not suggest that he considered them to be in default. It is clear that he knew Houdaille's position to be that it did not manufacture the hammer but that Billings had manufactured it.

In January, 1969 the case was reached for trial, and as the selection of the jury began Mr. Barrett, the trial attorney for United and Houdaille, learned that plaintiff intended to treat the failure of United and Houdaille to answer as an admission of all allegations of the complaint. When plaintiff would not accept the proposed answer of United and Houdaille at this time, Barrett moved for a mistrial, which was denied. The court also denied Barrett's motion to open the default of United and Houdaille and serve their answers during the selection of the jury; and the court directed that the plaintiff proceed to try the issue of damages only. Billings then moved for nonsuit and dismissal of the complaint as against it on the ground that in the state of the record, Houdaille admitted manufacturing the hammer and so Billings could not be the manufacturer thereof; and this motion was granted.

The jury returned a verdict in the sum of $35,000 in favor of plaintiff against United and Houdaille. From the judgment entered upon that verdict plaintiff appeals insofar as the court

granted a nonsuit in favor of Billings, and defendants United and Houdaille appeal because of the denial of their motion to serve their answers and appeal from the nonsuit in favor of Billings.

After entry of the judgment defendants United and Houdaille moved for reargument of the previous motions made at the trial, and they moved for an order (1) vacating the judgment against them, including the dismissal of the complaint as against Billings, (2) permitting them to answer, and (3) granting a new trial of all issues in the action by plaintiff against the three defendants. The court granted the motion for reargument of the previous motions, but adhered to its prior rulings and denied all other aspects of the motion. Defendants United and Houdaille appeal from the order entered thereon insofar as it denies such motion.

Upon the jury selection the court treated the motion by defendants United and Houdaille for leave to interpose their long overdue answers as simply a matter of dilatory calendar practice on defendants' part, which it found to be inexcusable in view of defendants' failure to move to vacate the several notes of issue containing certificates of readiness stating that all pleadings had been served. Therefore, the court applied CPLR 3018, declared that defendants' failure to plead constituted an admission of the allegations of the complaint, and directed judgment for plaintiff with respect to liability and ordered assessment of damages only.

The court's exasperation at defendants' dilatory actions is readily understood, and in a different context its action would have been justifiable. We believe, however, that CPLR 3018 cannot be used to support a holding that a default in answering is the equivalent of an interposed answer which fails to deny the substantive allegations of the complaint. This is contrary to the statutory scheme established for the disposition of default cases (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3012.09 and vol. 4, par. 3215.13).

Article 30 of the CPLR establishes the rules for pleadings, and section 3018 thereof provides for responsive pleadings, specifying their content and effect. It does not deal with the subject of complete failure to serve a responsive pleading. Article 32 of the CPLR provides for accelerated judgments, and section 3215 thereof deals with the effect of a defendant's default. The Legislature did not intend to declare complete "open season" against defaulting defendants, and it made express limiting provisions upon a plaintiff's exercise of rights against a defaulting defendant (see *De Rosa* v. *La Sala,* 31

A D 2d 745; *Herzbrun* v. *Levine,* 23 A D 2d 744; *Kohn* v. *Kohn,* 5 Misc 2d 288; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3012.09 and vol. 4, pars. 3215.13–3215.14). The court is not at liberty, in the exercise of its fundamental common-law right to manage its calendars, to ignore express limiting statutory provisions when framing sanctions against litigants who have been dilatory in prosecuting or defending an action (see *Cohn* v. *Borchard Affiliations,* 25 N Y 2d 237 and 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3216.04a and 3216.04b).

The plaintiff relies upon *McClelland* v. *Climax Hosiery Mills* (252 N. Y. 347, 351) as authority for the proposition that the failure to answer constitutes an admission of the traversable allegations of the complaint, permitting the plaintiff to bypass the procedures for accelerated judgment. The question before us, however, is materially different from that before the Court of Appeals in *McClelland,* wherein the court determined only what evidence a defendant who had failed to answer could present with respect to damages upon plaintiff's application to the court for assessment thereof. There was not presented in that case the question of delay on the part of the plaintiff in seeking his judgment. In this regard it should be noted that the limiting statutory provision upon which CPLR 3215 (subd. [c]) is based, was not incorporated into the practice laws of New York until 1947, long after the *McClelland* decision (L. 1947, ch. 236; see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3215.13); and so in no respect is the *McClelland* case germane herein.

Here, defendants United and Houdaille were in complete default and had been so for more than one year when plaintiff made application in March, 1968 to restore the case to the trial calendar, with the false statement that all pleadings had been served. Although defendants United and Houdaille were derelict in not moving to strike the certificate of readiness, plaintiff was also culpable in filing it and in his long delay in applying for judgment upon the default. A tardy plaintiff may not circumvent the provisions of CPLR 3215 in such manner. Subdivision (c) thereof provides in pertinent part: "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed".

We think that the trial court erred in refusing to require plaintiff to proceed under the above section with respect to

these defendants. Since there obviously was merit in plaintiff's cause of action, the court should have declined, of course, to exercise the statutory authority to dismiss the complaint, but it should have granted the motion of appellants to interpose their answers. Default judgments are not favored, since the law prefers that issues be disposed of upon their merits, in the absence of a showing of prejudice (*Matter of Mento*, 33 A D 2d 650; *Palmieri* v. *Standard Ins. Co. of N. Y.*, 5 A D 2d 684; *Michel* v. *City of Troy*, 279 App. Div. 837; *Bond Stores* v. *Turner*, 262 App. Div. 417 and *Long Is. Trading Corp.* v. *Tuthill*, 243 App. Div. 617).

There clearly is substance to the proposed answers of defendants United and Houdaille, and since plaintiff has known of their position from the outset, he has suffered no legal prejudice by the default in pleading. In fact, except for plaintiff's insistence, in effect, on the right to a default, the case at the time of trial was no different from what it was a month before when plaintiff indicated readiness to accept the answers; and the case could then have proceeded without delay. Under the circumstances of this case, it may well be said that plaintiff waived the default and is equally responsible for the situation which arose upon the trial. It was, therefore, an abuse of discretion for the court to deny the application of United and Houdaille to serve their answers (see *Fabel* v. *Fabel*, 33 A D 2d 922; and 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2004.03).

Since the nonsuit in favor of Billings was granted solely as a matter of logic, as a consequence of the denial of appellants' application to answer and the erroneous application of CPLR 3018 against them (it being apparent that both Billings and Houdaille could not be the manufacturer of the one hammer and on the pleadings the court had held that Houdaille manufactured it), it was also error for the court to deny the motion to vacate the judgment of nonsuit.

We conclude, therefore, that the order appealed from should be modified to affirm the portion thereof which grants the motion of United and Houdaille for reargument of the motions made at the trial, and otherwise should be reversed, and the motion of United and Houdaille for leave to serve their answers should be granted. The motion to vacate the judgment dismissing the complaint as against Billings and awarding damages to plaintiff against United and Houdaille should be granted and the motion for nonsuit in favor of Billings denied and a new trial granted.

In view of the foregoing, the appeal from the judgment should be dismissed as academic.

GOLDMAN, P. J., MARSH, GABRIELLI and MOULE, JJ., concur.

Order unanimously modified by reversing it in all respects except insofar as it grants the motion to United and Houdaille for reargument of the motions made at the trial, and as modified affirmed without costs; motion to vacate judgment granted without costs to any party; motion of defendant Billings for non-suit denied without costs; and motion of United and Houdaille for leave to serve their answers granted with costs of the motion to plaintiff, together with costs of the action to the date when the original motion for leave to serve their answers was made and denied; and new trial granted.

Appeal [from amended judgment] unanimously dismissed as academic, without costs.