No. 39,934

Louis Wood, *Appellee,* v. Audrey Melton, *Appellant.*

(293 P. 2d 252)

Opinion filed January 28, 1956.

*Kirke C. Veeder,* of Independence, argued the cause and was on the briefs for the appellant.

*Aubrey Neale,* of Coffeyville, argued the cause, and *Clement H. Hall,* of Coffeyville, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This was an action for damages for personal injuries and property damage sustained in a two-car collision alleged to have been caused by the negligence of defendant. The sole question for our determination is whether the court erred in striking a part of the combined amended answer and cross-petition of the defendant. The general facts may be summarized as follows:

Sometime ago, the date not shown, the federal government constructed an airport on an area a mile and a half square about 4 or 5 miles northeast of the city of Coffeyville for the purpose of training aviators; sometime later, the date not shown, the federal government determined it had no further use of the airport and conveyed

it to the city of Coffeyville. The area is not within the corporate limits of Coffeyville, but, for our purposes at least, the city owns the ground and improvements thereon and has the care and management of it. The area is bound on the west by U. S. Highway 169, a north and south improved highway. About the middle of this airport area on the west side there is a highway opening from U. S. Highway 169 to the east, which soon spreads into 2 roads which extend east, one to the south side and one to the north side of the airport buildings. There are also north and south roads built through the area of the airport between the airport buildings and the highway on the west. All of these are paved roads about 20 to 21 feet wide with 2 feet of gravel curbing on each side, and the intersections are cut back at the corners so as to have a little wider space. In the southwest corner of the airport property and south of the roads just mentioned there are a number of buildings, which, at the time of the accident in question, had been leased by the city to the Continental Can Company, Inc., and were used by it as an industrial plant. This company employed a number of men and at the time of their changing of shifts, from 4:15 to 4:45 P. M., the roads above mentioned were heavily traveled.

Plaintiff alleged that on November 12, 1953, about 4:25 P. M. he was driving his 1949 Pontiac sedan south on the second street west of the airport buildings at a speed of about 20 miles per hour; that as he approached the intersection of an east and west street and when he was about 100 feet north of the intersection, he looked to his right and observed an automobile driven by defendant about 400 feet west of the intersection; that plaintiff assumed defendant was driving at a lawful speed and looked to the east and south and as no cars were approaching, he crossed the intersection; that defendant was driving her 1953 Ford automobile east on the cross road at a high and dangerous and unlawful rate of speed, about 60 miles an hour; that defendant negligently and unlawfully drove her car into and against the car plaintiff was driving, striking plaintiff's car on the right side at the rear of the car at a time when plaintiff was past the middle of the intersection; that the collision occurred in the southwest quarter of the intersection at a time when the front of plaintiff's car was south of the macadam portion of the east and west street and when the rear wheels of plaintiff's car were about 3 feet south of the center of the east and west street.

It was further alleged that on said date §§ 8-532, G. S. 1951 Supp.

and 8-550, G. S. 1949, were in full force and effect relating to speed of motor vehicles and indicating which vehicle is entitled to the right of way at intersections.

The amended petition alleged negligence in detail. It also alleged the injuries to plaintiff and the property damage, all of which were itemized, and the prayer was for damages in the sum of $32,-028.25.

To this amended petition defendant filed an amended answer and cross-petition. In her answer she admitted there was a collision between the two cars at about the time alleged but denied all allegations of negligence on her part, and denied all damages alleged to have been sustained by plaintiff. She alleged that if any damages were sustained by plaintiff they were proximately caused and contributed to by plaintiff's own careless and negligent conduct and want of ordinary care in the respects more particularly alleged in the amended cross-petition, the allegations of which cross-petition were made a part of the amended answer as fully as though alleged in the amended answer. The amended answer contained a general denial as to all matters alleged in the amended petition and which were not specifically admitted. Defendant filed an amended cross-petition for affirmative relief against plaintiff; referred to all the allegations, admissions and denials of her amended answer, and made the same a part of her cross-petition as though fully set out therein. It described the roads and their use substantially as hereinbefore described, and alleged that at least by the year 1951, the city of Coffeyville had acquired control and ownership of the airport and had leased a portion thereof to the Continental Can Company, Inc.; that thereafter the general public, including the employees of the Continental Can Company, Inc., continued to use the east and west road in ingress and egress to the airport and industrial area leased by the city; that on November 12, 1953, and for about 3 years prior thereto, there was a well-settled and generally recognized and followed custom, practice and usage, concerning the operation of any automobiles in either direction along the north and south intersecting roadways, as follows:

"(a) To stop all vehicles before entering the said east and west road above alleged, whether from the north or the south side thereof.

"(b) That at all interesctions of the said east and west roadway above alleged to yield the right-of-way to all vehicles either in the said intersection or approaching the same from either direction at such distance as to constitute an immediate hazard."

It was further alleged that plaintiff was an employee of the Continental Can Company, Inc., where he had been employed since April 2, 1951, and on numerous occasions operated automobiles and knew or in the exercise of reasonable observation and attention should have known, on November 12, 1953, of the above well-settled general custom, practice and usage; that the defendant was an employee of the Continental Can Company, Inc., and knew of the well-settled custom, practice and usage; that the surface of the road was dry, the weather was clear and there was sufficient light that neither of the automobiles had their lights turned on.

It was further alleged that as defendant, driving about 30 to 35 miles per hour, arrived at a point one block west of the intersection where the accident occurred and looked to her left she observed plaintiff about a block and a half or two blocks north of the intersection and driving his car southward toward the intersection of the east and west road; that, assuming plaintiff was driving his car at a lawful rate of speed, defendant continued to drive eastward toward the intersection; that at the time plaintiff was driving his 1949 Pontiac at a dangerous, high and unlawful rate of speed, about 50 miles an hour, and continued such speed until he arrived at a point a few feet north of the intersection; that he failed to stop his car before driving into the east and west road, and failed to yield to defendant the right of way which she declared she was lawfully entitled to at the intersection; that instead, when defendant was about 15 to 20 feet west of the intersection and about to enter the same, he very slightly reduced the speed of his car and then increased the speed thereof as he entered the intersection and endeavored to race across the same from north to south, ahead of defendant; that plaintiff's unlawful and negligent conduct confronted defendant with a sudden and unexpected emergency so that notwithstanding defendant's utmost effort and diligence her car collided with the car operated by plaintiff at or very near the center of the intersection; that the speed of plaintiff's automobile was so great that following the collision said car proceeded southward about 130 feet from the intersection and came to a stop on the east side of the north and south road; that after the collision defendant's automobile proceeded to a point about 20 feet east of said intersection where her car went into a ditch on the south side of the east and west road, resulting in her personal injuries later described.

She further alleged that plaintiff was negligent, careless and failed to exercise reasonable care and prudence in the operation of his car in several respects, which were detailed. The damages to her car also were detailed. Defendant claimed total damages in the sum of $11,251.26. The prayer was that plaintiff take nothing by his amended petition and that she recover her damages.

Plaintiff moved to strike from defendant's amended cross-petition all allegations pertaining to the custom, practice and usage alleged in defendant's amended answer and cross-petition. This motion was sustained, and defendant has appealed from that ruling of the court.

The provisions of Ch. 283, Laws of 1937, "Regulating Traffic on Highways" is now, as amended from time to time, Ch. 8, Art. 5, G. S. 1949, with the general heading, "Uniform Act Regulating Traffic on Highways." Sec. 7 of the original act, now G. S. 1949, 8-507, reads:

"The provisions of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this act unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this act."

This section of the act has never been amended.

Sec. 50 of the original act, now G. S. 1949, 8-550, reads:

"(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway. (b) When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. (c) The foregoing rules are modified at through highways and otherwise as hereinafter stated in this article."

Section 32 of the original act became G. S. 1949, 8-532, and has since been amended by Laws of 1951, Ch. 110, § 1, and by Laws of 1953, Ch. 47, § 1, and pertains to speed restrictions. It has been printed in the 1951 and 1953 Supp. to G. S. 1949, which we refer to without quoting because of its length.

The sections of the statutes quoted or referred to above were in force on November 13, 1953. It is clear from reading them that the custom, practice and usage alleged by defendant in her amended answer and cross-petition, and stricken therefrom by the court on plaintiff's motion, is contrary to our statutes.

It is well settled by the law of this state, and generally, that the alleged custom, practice and usage which is contrary to the existing

law cannot be used either to establish or defeat an action and evidence thereof cannot be received.

In *Clark v. Allaman*, 71 Kan. 206, 80 Pac. 571, it was held:

"Evidence cannot be received of local customs contrary to established principles of law."

See, also, *Rains v. Weiler*, 101 Kan. 294, 166 Pac. 235, and *Manufacturing Co. v. Merriam*, 104 Kan. 646, 652, 180 Pac. 224. Other cases are collected in 2 Hatcher's Kansas Digest (Rev. Ed.), Customs and Usages, p. 290.

25 C. J. S., Customs and Usages, § 10, p. 91, reads:

"A custom or usage repugnant to the express provisions of a statute is void, and whenever there is a conflict between a custom or usage and a statutory regulation the statutory regulation must control, . . . Alleged customs or usages have also been adjudged illegal for conflicting with the terms of charters or ordinances of municipal corporations, or of the criminal or penal statutes of the state."

55 Am. Jur., Usages and Customs, § 14, p. 276, reads:

"Rights do not spring from a custom that violates a law, . . . Local usages, for example, cannot contravene the settled principles of the law, nor can evidence be received of local customs which are contrary to established principles of law. A custom or usage is not admissible which makes a substantial change in the rights and relations of the parties, and which violates a settled rule whether established by statute or by common law."

Our conclusion is the trial court did not err in striking from defendant's amended answer and cross-petition the allegations pleaded as to custom, practice and usage. The judgment of the trial court is affirmed.