304 P.2d 875

A. L. IRWIN, and Fireman's Fund Indemnity Company, Plaintiffs-Appellees,

v.

John H. GRAHAM, and Colorado Constructors, Inc., Defendants-Appellants.

No. 6129.

Supreme Court of New Mexico.

Nov. 30, 1956.

Rehearing Denied Jan. 4, 1957.

Rodey, Dickason, Sloan, Mims & Akin, James C. Ritchie, Albuquerque, for appellants.

McAtee, Toulouse & Marchiondo, Albuquerque, for appellees.

McGHEE, Justice.

The plaintiffs ' recovered judgment against the defendants for damages to plaintiff Irwin's truck as the result of a collision with a truck owned by defendant Colorado Constructors, Inc., and driven by defendant Graham. The defendants have appealed from said judgment.

The collision occurred on a private road constructed by Colorado Constructors for the purpose of hauling rock from a quarry to a damsite some fourteen miles distant. The point of accident was in a dip near a curve in this road. Plaintiff Irwin's truck was loaded and being driven by one, Ronald Lee Davenport, on the left hand side of the road. The Colorado Constructors' truck was not loaded and was on its right hand side of the road.

█ According to the testimony of the plaintiffs it had been agreed by the truck drivers that loaded trucks should have the right-of-way over empty trucks. Empty trucks were stopped at the top of the hill to let loaded trucks come through the dip travelling on the left hand side of the road because of a soft spot on the right hand side, and also because of the curve. The

defendant Graham had been employed to drive Colorado Constructors' truck the day before the accident. He had not been told of the agreement of the truck drivers, but he admitted he knew of the custom among truck drivers on construction jobs that a loaded truck had the right-of-way over an empty truck. He also testified that he made five trips over the road the previous day and had driven through the soft spot and up the hill on his right hand side.

According to undisputed testimony, Colorado Constructors' foreman knew of the agreement and custom. There was evidence that in negotiating the particular stretch of road where the accident occurred large rocks often fell from the loaded trucks onto the road, thus increasing the hazards at this particular spot. There was also testimony to the effect that because of road conditions at or immediately adjacent to the place of collision two trucks could not safely pass in meeting, although defendant Graham testified to the contrary.

Under these circumstances it was not error for the trial court to admit testimony regarding the custom and usage.

The truck drivers saw each other approaching some distance away when each was on his right hand side of the road. According to Davenport's testimony, he pulled to the left hand side of the road to take the customary route around the curve into the dip and up the hill, expecting de-

74

fendant Graham to stop his empty truck at the top of the hill or pull over to the left and allow Davenport to go through with his loaded truck. Shortly before the collision each driver saw the other and each expected the other would move to the other side of the road, but when they finally did so it was too late to avoid sideswiping the trucks. There was a dispute between Davenport and Graham as to what each could or could not see as they proceeded along the road.

The plaintiff Irwin's driver was not guilty of contributory negligence as a matter of law in driving upon his left hand side of the road, a jury question being presented under the testimony particularly as to the custom and usage and the topography of the road. The condition of the road through the dip was fully detailed by the witnesses. While there was some dispute as to the conditions on the part of the witnesses for the plaintiffs on the one hand and Graham on the other, it was for the jurors to determine the true conditions. Without detailing more of the testimony than has been done above, we are of the opinion there was sufficient evidence in the case to take it to the jury.

It is urged the trial court erred in giving the following instruction to the jury:

"No. 17—You are further instructed that the plaintiffs have put into evidence that the private road in question, at the place of the accident, was controlled by custom and usage of the drivers. The plaintiff's witnesses have testified that the customs at the time and place of the accident were as follows:

"(1)  That the loaded truck had the right-of-way over the unloaded truck.

"(2)  That because of the condition of the private road, that the custom was that the loaded truck would pull to the left and climb the upgrade on the left and the unloaded trucks would pass on the right or stop at the crest of the hill.

"If you should find by the preponderance of the evidence that these were the customs and usages of the private road at the time and place of the accident, and that the defendant's driver violated these customs and usages, then you are instructed that this is negligence. If you should further find that the violations of the customs and usages were the proximate cause of the accident, and that the plaintiff's driver was free of contributory negligence, then you are instructed that you shall bring in your verdict for the plaintiffs."

We agree the instruction, standing alone, would be erroneous in stating

the acts therein recited would constitute negligence rather than acts from which the jury might find negligence. Also, the instruction leaves out the necessary element of knowledge of the custom on the part of Graham and Colorado Constructors, but this defect is not urged here.

▮ Instructions must be considered as a whole, and if the entire charge fairly presents the law of the case, they are sufficient. State v. Beal, 1944, 48 N.M. 84, 146 P.2d 175, and cases there cited.

In this case the court gave the jury, in addition to instruction No. 17, the following instructions to which no objection was made:

"No. 17–a—There has been evidence in this case of a custom or usage controlling the operation of trucks on the road in question. You are instructed that custom is not conclusive as a standard of reasonable prudence; however, as a general rule, evidence may be received to establish the ordinary practice or the uniform custom of persons in the performance under similar circumstances of acts like those which are alleged to be negligence. But usage and custom do not justify negligence, and the generality of a usage or custom which contravenes a statute or is unreasonable and dangerous, does not serve to excuse a person from responsibility for his carelessness.

"No. 18—You are instructed that the matter of custom or usage of other drivers at the place of the accident is not to be taken into account in your deliberations unless you find:

"(1) That the custom was established as a matter of fact by the preponderance of the evidence.

"(2) That the defendant Graham knew or should have known of it by the exercise of reasonable care under the circumstances.

"No. 19—You are instructed that a driver on the right side of the road has a right to assume that a vehicle approaching on the wrong side will turn to the proper side in time to avoid a collision unless it is obvious that the driver of the latter vehicle does not intend to turn or is unconscious of the danger which is imminent.

"No. 20—The duty of drivers operating motor vehicles on a road other than a public highway is to use due care as that term has been defined by the Court in an earlier instruction and this requires that drivers meeting each

other drive on the right hand side of the road unless his failure to do so is excusable under the circumstances.

"No. 21—You are instructed that it is the duty of the driver of a motor vehicle on a private roadway to drive on the right-hand side of the road unless his failure to do so is excusable under the circumstances for causes or things beyond his control.

\*     \*     \*     \*     \*     \*

"No. 25—If in these instructions any rule, direction or idea be stated in varying ways, no emphasis thereon is intended by me and none must be inferred by you. For that reason you are not to single out any certain sentence or any individual point or instruction and ignore the others, but you are to consider all the instructions as a whole and to regard each in the light of all of the others."

We are satisfied the instructions considered as a whole fairly presented the issues to the jury and the claim of error on account of instruction No. 17 is not well taken.

The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.