334 P.2d 551

Francis A. COOK, Plaintiff-Appellant,

v.

Jackie O'CONNELL, Daniel L. O'Connell and Richard Davis, Defendants-Appellee.

No. 6457.

Supreme Court of New Mexico.

Jan. 14, 1959.

Leslie D. Ringer, Santa Fe, for appellant.

Iden & Johnson, J. T. Paulantis, Albuquerque, for appellees.

McGHEE, Justice.

Plaintiff, Francis A. Cook, filed suit in the District Court of Santa Fe County, New Mexico against three defendants, Jackie O'Connell, Daniel O'Connell (Jackie's father), and Richard Davis, seeking damages for the destruction of his equipment and personal effects as the result of the alleged negligent burning of a garage leased by him. Service of process was not made upon the O'Connells so the trial before the court without a jury proceeded solely against the defendant, Richard Davis.

Upon the conclusion of plaintiff's evidence, including the testimony of the defendant Davis as an adverse witness, the trial judge sustained defendant's motion

for a nonsuit on the grounds that there was no proof of the cause of the fire nor of any negligent act of the defendant. Plaintiff now prosecutes this appeal alleging that he proved a prima facie case of negligence.

There is no question that damage occurred or that the plaintiff's interest was protected against unintentional invasion. Likewise, questions of contributory negligence and assumption of risk are not in issue, and both parties agree that the doctrine of res ipsa loquitur is not relied upon.

■ At this stage of the case, in determining whether the plaintiff's evidence would support a judgment for him, we accept as true all evidence in the record favorable to his claim, giving him the benefit of all fair and reasonable inferences deducible therefrom and disregarding all evidence and inferences to the contrary. Carney v. McGinnis, 1958, 63 N.M. 439, 321 P.2d 626; Sandoval County Board of Education v. Young, 1939, 43 N.M. 397, 94 P.2d 508; In re Garcia's Estate, 1940, 45 N.M. 8, 107 P.2d 866; Pilon v. Lobato, 1950, 54 N.M. 218, 219 P.2d 290.

With this rule in mind we turn to the ultimate facts established by plaintiff's evidence.

On the day of the fire, plaintiff occupied a garage building as lessee, using it for a shop or truck terminal. The day before, he had given Daniel O'Connell permission to use the garage and the equipment therein for the purpose of repairing a motor. At some time not clearly brought out in the record, the defendant, Richard Davis, in response to a request by Jackie O'Connell, volunteered to help repair the motor.

On the day in question, plaintiff assisted Jackie O'Connell in loading the motor onto a pickup truck belonging to Jackie's father. Jackie O'Connell drove over to plaintiff's garage where with the help of the defendant the motor was unloaded. In doing so, they spilled some oil on the garage floor, and the plaintiff asked them not to leave before cleaning up the mess. Plaintiff then left to attend to a job of his own around 10:00 a. m. and when he returned around noon the building was burned down.

After unloading the motor and working on it for a period of time, Jackie O'Connell backed the pickup into the garage along with a drum of gasoline, a pump and a hose in the bed of the truck. Leaving the motor running, he then pumped gasoline from the drum sitting in the bed of the truck through a hose into an open pan placed on the garage floor for the purpose of using the gasoline in cleaning parts of the motor. The defendant, Richard Davis, held the hose to direct the flow of the gasoline into the open pan and to keep it from spilling and spreading upon the floor.

Immediately before or immediately after the pumping operation ceased, a fire broke out in the vicinity of the pickup, the drum of gasoline, the pump and the hose. Davis jumped into the truck and drove it out of the garage while Jackie O'Connell jumped onto the bed and threw the pump and hose off. The garage and its contents were destroyed by the ensuing fire.

The trial judge in granting the motion for nonsuit commented that this evidence merely showed the defendant Davis was holding the hose over the open pan while Jackie O'Connell was pumping gas out of a barrel and concluded that Davis was not the employee, servant or agent of Daniel O'Connell but was only a volunteer; that none of his acts proximately contributed to the starting of the fire or the resulting damages; that he was not negligent; and, that the pumping of the gasoline by Jackie O'Connell was not unlawful.

As the record demonstrates, no proof was offered as to where Davis was holding the hose, nor where the open pan was placed in relation to the pickup, nor how long the hose was, nor was there any showing that the exhaust fumes of a running automobile might ignite gasoline or its vapors.

The plaintiff asserts, however, that his proof of circumstantial evidence was sufficient to warrant an inference of negligence on the part of Davis within the rule established by the case of Hepp v. Quickel Auto & Supply Co., 1933, 37 N.M. 525, 25 P.2d 197. In other words, the sole issue is whether the plaintiff's evidence is sufficient to justify, but not to compel, an inference of liability, if the case is submitted to a jury or the court for its determination as a matter of fact. Hepp v. Quickel Auto & Supply Co., supra; In re Garcia's Estate, supra; McDaniel v. Atlantic Coast Line Ry., 1925, 190 N.C. 474, 130 S.E. 208; Wigmore, 9 Anglo-American System of Evidence In Trials At Common Law 293–300, § 2494 (3rd ed. 1940).

█ It is a matter of common knowledge, and courts take judicial notice of the fact, that gasoline may easily ignite or explode. Standard Oil Co. v. City of Marysville, 1929, 279 U.S. 582, 49 S.Ct. 430, 73 L.Ed. 856; 24 Am.Jur., Gas and Oil, 658, § 179. In fact the vapors are probably more inflammable than the gasoline itself. See Simpson v. Standard Oil Co., 1931, 8 Alaska 275.

█ Here, the defendant, by participating in the creation of an artificial condition on another's property which he should have realized involved an unreasonable risk of harm to plaintiff's property, had a duty to plaintiff to exercise a high degree of care in the use of the gasoline, Pryor v. Chambersburg Oil & Gas Co., 1954, 376 Pa. 521, 103 A.2d 425, or, as is the more modern expression, to exercise that degree of care which a reasonably prudent person

174

would use under the same or similar circumstances. Rivera v. Ancient City Oil Corp., 1956, 61 N.M. 473, 302 P.2d 953; Harper & James, 2 Law of Torts 945, § 16.13 (1956), hereinafter cited as Harper.

We believe it is not an unreasonable inference that the exhaust fumes ignited the gasoline or gasoline vapors since the fire broke out in the vicinity of the truck, the drum, the pump and the hose. Cf. Gershner v. Gulf Refining Co., La.App.1936, 171 So. 399; Simpson v. Standard Oil Co., supra; See Rivera v. Ancient City Oil Corp., supra, dissenting opinion; 2 Harper 1111, § 20.2. Although no expert testimony was offered, any garageman knows that pouring gasoline near the exhaust pipe of a running automobile creates a high possibility that the vapors will be ignited by the exhaust fumes.

Under these circumstances, what actually occurred and whether the defendant's conduct was a substantial factor in bringing about the plaintiff's harm are both subject to reasonable differences of opinion. Reasonable and fair-minded men might infer from the defendant's testimony and conduct as an adverse witness that he held the hose near the exhaust fumes and that this was the proximate cause of the fire. See 2 Harper 1111, § 20.2.

Under our holdings that proximate cause and negligence become questions of law only when the facts regarding causation and negligent act are undisputed and all reasonable inferences are plain, consistent and uncontradictory, we must say as a matter of law there was sufficient evidence for the case to go to the court or the jury, as the case may be, for the drawing of inferences. Greenfield v. Bruskas, 1937, 41 N.M. 346, 68 P.2d 921; White v. Montoya, 1942, 46 N.M. 241, 126 P.2d 471; Crespin v. Albuquerque Gas & Electric Co., 1935, 39 N.M. 473, 50 P.2d 259.

The effect of our so holding is to give to the defendant, if he desires, an opportunity to rebut these inferences of negligence and to offer a possible explanation of the occurrence. It may be, when both sides have rested, that the trial court will still rule for him on the entire evidence, but as a matter of fact and not as a matter of law.

The judgment of the trial court will be reversed and the case is remanded for proceedings not inconsistent with this opinion.

And it is ordered.

COMPTON and CARMODY, JJ., concur.

LUJAN, C. J., and SADLER, J., not participating.