406 P.2d 358

Minnie L. CHERRY and Morris Cherry, her husband, and Lucille Bell, Plaintiffs-Appellants,

v.

Horace M. STOCKTON, d/b/a Duke City Gravel Products Co., Defendant-Appellee.

No. 7596.

Supreme Court of New Mexico.

Oct. 4, 1965.

Adams & Pongetti, Albuquerque, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Albuquerque, for appellee.

CARMODY, Chief Justice.

Plaintiffs appeal from a judgment based upon a jury's verdict denying recovery as against one of two defendants. The plaintiffs (appellants here) brought suit against one Mosier and Horace M. Stockton, d/b/a Duke City Gravel Products Company, for injuries suffered when a truck owned and driven by Mosier struck the automobile in which the plaintiffs were riding. The plaintiffs contended that at the time of the accident Mosier was a servant of Stockton. The jury returned a verdict in favor of the plaintiffs as against Mosier, but denied any recovery against Stockton. The only questions on appeal are those dealing with the relationship between the two defendants.

Stockton was engaged in the business of manufacturing sand and gravel, which he sold to contractors and others. The majority of the materials which he sold went to customers in the vicinity of Albuquerque,

but some were sold and delivered to customers as far away as Grants and Gallup, New Mexico. Usually when deliveries were to be made outside of Albuquerque, Stockton had a trucker do the hauling; such was the situation on the occasion here involved.

There was evidence offered by the plaintiffs that a lease was in force at the time of the accident, running from Mosier as lessor to Stockton, d/b/a Duke City Gravel Products Company, as lessee. This lease, entitled "Equipment Lease," purported to lease to Stockton a tractor-trailer unit owned by Mosier and contained two clauses specifically related to the issues involved in the case. They were:

"* * *

"The Lessee is to have complete, full and absolute control and charge of the equipment above mentioned during the life of this lease.

"* * *

"Lessee agrees to carry Public Liability and Property Damage insurance in the sum of not less than $50,000.00 dollars, and the policy shall read jointly to Lessor and Lessee.

"* * *."

Although plaintiffs raise other points of claimed error, we need, for the purposes of decision, to determine only one. This is plaintiffs' assertion that the trial court erred in refusing to allow the jury to inspect the alleged lease between Mosier and Stockton, or to hear Mosier's testimony concerning the clause in the lease referring to liability insurance.

Following a tender of proof outside the presence of the jury, the trial court announced its ruling in the following manner:

"THE COURT: Well, the Court is going to rule that the lease agreement can be received in evidence, but I am going to rule it will not be shown to the jury. For the purpose of this trial, all reference to insurance elements of this case will be eliminated, under penalty of the Court having to declare a mistrial if it is brought out. I, accordingly, am going to instruct both Mr. Mosier and Mr. Stockton to be very cautious in all discussions concerning this lease agreement, to refrain from drawing in the insurance angle and will ask counsel to do likewise insofar as their questioning of the parties is concerned. I will ask Mr. Stockton's and Mr. Mosier's counsel to further warn their respective clients in this particular problem. The question the Court is faced with in this case is, what are the relative problems involved? There is no question that in most cases the jury is entitled to know all of the facts and all of the elements in order adequately to arrive at a conclusion. On the other hand, the Court feels that the matters involving

insurance are only additional. Most elements would be presented to the jury and I think the extreme prejudice which would result from bringing these facts to the jury—particularly mentioning the policy in the amount of $50,000—more than outweighs the possible disadvantage of the deprivation of the rights of the plaintiffs to bring out this particular element. I am not particularly satisfied with this ruling, but it is the best I can do under the circumstances. I feel it is the only fair ruling I can make, and the only way we can decide the case without putting the defendant Mr. Stockton at a very extreme disadvantage.

"* * *"

Plaintiffs urge that the entire lease should have been admitted in evidence and Mosier allowed to testify with respect thereto, as tending to prove a material issue of fact, i. e., that Mosier was an employee of Stockton. Plaintiffs' point is well taken. The weight of authority, also the most persuasive, is that evidence that an employer pays liability insurance on a workman is a circumstance to be considered in determining whether the workman is an employee and thus subject to the employer's right and power of control. See annotations, 56 A.L.R. 1432, 74 A.L.R. 855, 85 A.L.R. 784, 95 A.L.R. 395, 105 A.L.R. 1325, and 4 A.L.R. 2d 784. A case somewhat similar as to facts and closely in point is Delamar & Allison v. Ward, 1931, 184 Ark. 82, 41 S.W.2d 760, wherein the Arkansas Supreme Court approved the action of the trial court in allowing reference throughout the trial to the fact that the defendant contractor carried liability insurance on the truck driver involved in an accident, stating:

"* * * The fact that Delamar & Allison were insured, if it was a fact, against liability for injuries committed or damage done by the truck drivers, was a circumstance to be considered in determining whether the truck drivers were their employees or were independent contractors. * * *"

It is clear that, under the circumstances here present, if the defendant Stockton, d/b/a Duke City Gravel Products Company, agreed to provide liability insurance on the truck operations of Mosier, it tended to prove a very material issue of fact as to the relationship between Mosier and Stockton, i. e., whether master and servant or independent contractor. Thus the refusal of the trial court to allow the jury to inspect the lease and its admonition that the insurance provision be not mentioned in the testimony was error prejudicial to the plaintiffs, and requires a reversal of the cause.

With respect to the reversal, it is to be noted that there was no appeal by the defendant Mosier nor claimed error by the plaintiffs as to the damages, and therefore

the amount of the judgment to which the plaintiffs are entitled is settled. The jury having fully adjudicated the damage issue, there is no necessity for the cause to be remanded for an entire new trial; it need only be retried to determine whether Stockton, d/b/a Duke City Gravel Products Company, should be held liable to the plaintiffs by reason of the relationship of Mosier, i. e., whether Mosier was an independent contractor or a servant.

The awarding of a new trial, limited to the issue of liability alone, is in accordance with the majority rule (see annotation, 34 A.L.R.2d 988), and, in addition, conforms to the spirit of Rule 59(a) (§ 21-1-1(59) (a), N.M.S.A.1953). See Greenberg v. Stanley, 1959, 30 N.J. 485, 153 A.2d 833; and Yates v. Dann (D.Del.1951), 11 F.R.D. 386. Compare Baros v. Kazmierczwk, 1961, 68 N.M. 421, 362 P.2d 798. It should also be apparent that, in the instant case, retrial on the severable question of liability alone will operate to remove any possible contention of prejudice which might result from the knowledge being given to the jury of the value of the insurance policy set forth in the lease agreement.

The cause will be reversed and remanded, with direction to the trial court to grant a new trial on the limited issue herein stated. It is so ordered.

CHAVEZ and COMPTON, JJ., concur.