[No. 3503. Dec. 30, 1930.]

[Rehearing Denied Jan. 23, 1931.]

GILBERT v. NEW MEXICO CONST. CO.

[295 Pac. 291.]

Roberts & Brice, of Santa Fe, and H. C. Maynard, of Roswell, for appellant.

Reid, Hervey, Dow & Hill, of Roswell, and W. A. Keleher, of Albuquerque, for appellees.

## OPINION OF THE COURT

WATSON, J.

In an action for negligence, plaintiff obtained an interlocutory judgment of default on October 12, 1929, and a final judgment pursuant thereto and to evidence adduced and findings made, on November 2d. On November 7th a motion was made to vacate the final judgment, which was granted on November 25th, with permission to the defendant to answer, and conditioned on payment of $150 counsel fees. Plaintiff appeals.

Appellee's showing in support of its motion excluded willful or intentional default; but we shall concede, for the purpose of this discussion, that it showed an utter lack of diligence and a high degree of negligence. Appellant's sole contention is that the showing did not amount to "good cause," and that consequently the action of the trial judge was an abuse of discretion.

We may say at the outset that the vacation of this judgment and the terms imposed satisfy our sense of fairness and justice. To deprive a party of his day in court is a severe penalty for his merely negligent failure to appear. Such penalty should be avoided if it can be done without impeding or confusing administration or perpetrating injustice. The matter has been dealt with in numerous legislative enactments and judicial pronouncements. Sometimes the one consideration is emphasized and prevails;

sometimes the other. We must be controlled by our own statute, course of decision, and policy.

Appellant considers the court's action as finding warrant, if anywhere, in 1929 Comp. § 105—843. It provides:

"Any judgment rendered in any court of this state, out of term time, upon default, may be set aside by the judge upon motion filed within sixty days of the date of the entry of such judgment, upon good cause shown to the judge or court in which such judgment is rendered."

He contends that, by weight of authority and according to our own decisions, a party's negligence may not be received as "good cause" for vacating a final judgment entered upon his otherwise unexplained failure to appear; that negligence is a reason for refusing the relief, not for granting it.

We pass this contention because another provision, ignored by appellant, seems to us to be applicable here. Its language does not require a showing of "good cause." It provides:

"Any judgment, or decree, except in cases where trial by jury is necessary, may be rendered by the judge of the district court at any place where he may be in this state, and the district courts, except for jury trials, are declared to be at all times in session for all purposes, including the naturalization of aliens. Interlocutory orders may be made by such judge wherever he may be in the state on notice, where notice is required, which notice, if outside of his district, may be enlarged beyond the statutory notice, for such time as the court shall deem proper. *Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; Provided, that if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof; and, Provided further, that the provisions of this section shall not be construed to amend, change, alter or repeal the provisions of sections 4227 (105—843) or 4230 (105—846), code 1915.* (L. '17, Ch. 15, § 1, amending Code '15, § 4185)."

Section 105—801, 1929 Comp. The italicized portion of this section was added by amendment in 1917.

The final judgment in question was entered pursuant to the provisions of this section, since, after default entered, the case was one "where trial by jury is not necessary."

1929 Comp. § 105—813. The motion was filed and disposed of within the specified time.

Judgments by default, though not expressly mentioned, are, we think, embraced. Section 105—843 is not exclusive of other relief in case of default judgments. We so held in Ortega v. Vigil, 22 N. M. 18, 158 P. 487.

If "good cause" need not be shown under section 105—801, appellant's point is without merit. If it must be shown, it is because of reading into the provision something that the Legislature omitted. Of course, a good reason should always exist for the action of a judge. Discretion is not committed to him to be exercised arbitrarily or capriciously. This is understood by judges without the necessity of statutory admonition. But such reason need not be so strong nor so limited as that "good cause" upon which appellant relies. The Legislature may well have thought it just and wise that on prompt application defaults occurring through negligence should be excused. The two sections relate to the same general subject. The omission from the later of a material requirement of the earlier has some significance.

What we have here to determine is the legislative intent. We recently suggested in Kerr v. Southwest Fluorite Company, 35 N. M. 232, 294 P. 324, that the purpose was to restore to the district courts that control over their judgments during term time which they had been held to have lost when the same section in its original form did away with terms, except for jury cases. Pursuing that suggestion to determine the extent of the control restored, we find in Fullen v. Fullen, 21 N. M. 212, 153 P. 294, 300, it was said to be "plenary" and to include vacating, setting aside, modifying and annulling judgments, "upon the theory that until the term closed the whole matter of the determination of the rights of litigants rested in the breast of the court and, theoretically at least, all judgments became final as of the last day of the term." See, also, Henderson v. Dreyfus, 26 N. M. 262, 191 P. 455; Id., 26 N. M. 541, 191 P. 442.

If that language is to receive full credit, "good cause" need not be shown in the sense that appellant uses the term. We do not fail to note, however, that it is the language of 23 Cyc. 901, 902, and that it has undergone a change in being carried forward into Corpus Juris, which states it thus:

> "A court has full control over its orders or judgments during the term in which they are made, and may, upon sufficient cause shown, in the exercise of its sound discretion, amend, correct, revise, supplement, open, or vacate such judgment. This was the rule at common law, and it prevails in almost all jurisdictions."

34 C. J. "Judgments," § 436. This change of language suggests the thought that perhaps this common-law control was not "plenary" and was exercisable only on showing of that same "good cause" upon which appellant insists. We do not deem it necessary, however, to pursue this idea. We do not think that the control under the statute in question is necessarily limited to the common-law control.

Though we adhere to the belief that the occasion for the amendment of 1917 was the loss of the former control and the general purpose of the Legislature was to restore it, we shall come nearer determining the legislative intent by adopting what this court had just previously said was the common-law rule, than by searching out at great labor the true common-law rule, even though, as we do not decide, our former statement of it was too liberal.

Considering both the language of the statute and the circumstances of its enactment, we conclude that a party's mere negligence is not fatal to the exercise of discretion to vacate a final judgment against him, to permit him to interpose his defense.

The order appealed from is affirmed, and the cause will be remanded, with a direction to proceed with the litigation. It is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

PARKER and CATRON, JJ., did not participate.