9 P.(2d) 385

## DYNE v. McCULLOUGH.
### No. 3614.

Supreme Court of New Mexico.
March 17, 1932.

W. C. Whatley, of Las Cruces, for appellant.

W. A. Sutherland, of Las Cruces, for appellee.

PARKER, J.

On November 28, 1929, at the hour of about 4:45 p. m., the plaintiff, appellee, started to cross Lucero avenue in the town of Las Cruces, N. M., traveling from north to south from a point directly opposite his home on Lucero avenue; when in about the middle of the street, he was struck by the automobile of the defendant, appellant, was thrown to the pavement, breaking his ribs, fracturing his skull, and causing many other dangerous injuries upon plaintiff's body. A default judgment was rendered by the court against the defendant and in favor of the plaintiff for $3,000 actual damages and $2,000 punitive damages, making a total of $5,000. Thereafter, and within the time allowed by section 105-801, Comp. St. 1929, namely, 30 days from the entry of the judgment, the defendant filed a motion to vacate said default judgment and final judgment, which was denied by the district court. Defendant, in his motion to vacate and open the default and the final judgment, alleged he was misled with regard to plaintiff's claim upon him, in that, at the time of the accident referred to in plaintiff's complaint and the final judgment in the case, he was advised by the witnesses, many of whom were close friends and associates and employees of the plaintiff, that there could be no blame of any kind or character attached to defendant for said accident, and that thereafter he was advised by the plaintiff himself that he attached no blame for this accident to the defendant, and considered that the same was an unavoidable accident, and that he would take no action against the defendant to recover of him anything whatsoever; that the defendant was further misled in the matter of his liability to appear and answer the complaint in the cause, in that the plaintiff named as codefendant the State Farm Mutual Automobile Insurance Company, a corporation, with whom the defendant was carrying a policy of insurance covering liability for such accidents as plaintiff alleged to have occurred, and that, under the terms of defendant's policy, the said company guaranteed that it would answer and defend in defendant's name any suit which might be brought against him for damages claimed to arise by reason of liability for personal injuries, provided said company were notified of the filing of said suit; and that defendant neglected to notify said company because of it having been named as one of the parties defendant, assuming that process would be served upon said company in the usual course, and that in fact he was advised by the plaintiff himself that plaintiff's attorney would procure the service of process upon said company when he (plaintiff's said attorney) went to Santa Fé, the defendant well knowing that,

if said company were served with process, it would appear and defend said action, and believing that the plaintiff would seek no advantage of the defendant.

The defendant further alleged that he has a meritorious defense to the plaintiff's cause of action, and can and will, if permitted to do so, plead and prove that the sole cause of said accident was the plaintiff's wanton negligence in walking in broad daylight into the side of defendant's automobile while it was moving in a line of automobiles along Lucero avenue in second gear at a rate of speed not exceeding 12 miles per hour, and that defendant at the time was exercising an extraordinary degree of care and caution in operating his said automobile along said street because of the congested condition of the traffic. Defendant further alleged that, if said judgment be opened and set aside and he be permitted so to do, he would file an immediate answer, under oath, alleging all of the facts and circumstances referred to in said motion, and consent to the immediate trial of the facts alleged in plaintiff's complaint and the answer thus to be filed. Some of these allegations were denied by the plaintiff in a counter affidavit filed by him. He refused, however, to deny specifically, in an oral examination before the court concerning the opening of the default in this case, that he had told the defendant that he intended to recover from the insurance company, saying that he had no recollection on the subject. The court denied said motion, and the case is here on appeal.

█ 1. Defendant urges upon this court that it was an abuse of discretion upon the part of the district court to refuse to open the default in this case. We have three different statutes governing the control of district courts over their judgments. The first, passed in 1917 and compiled as section 105-801, Comp. St. 1929, provides that district courts, except for jury trials, are declared to be at all times in session for all purposes. It further provides that all final judgments, entered by district courts in all cases tried pursuant to the section, shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period directed against such judgment. The motion to open the default in this case was filed within 30 days after the entry of the judgment. The section contains the proviso that the provisions of the section shall not be construed to amend, change, alter, or repeal the provisions of section 105-843 or section 105-846, Comp. St. 1929. Section 105-843 provides that any judgment rendered in any court of this state, out of term time, upon default, may be set aside by the judge upon motion filed within sixty days of the date of the entry of such judgment, upon good cause shown to the judge or court in which such judgment is rendered. Section 105-846, Comp. St. 1929, provides that judgments may be set aside for irregularity on motion filed at any time within one year after the rendition thereof. It is apparent that each of these sections covers different fields and is applicable to different conditions.

Section 105-801, after providing that district courts shall be at all times in session for all purposes except jury trials, provides that all judgments entered by district courts in all cases tried pursuant to the provisions of the section shall remain under the control of such courts for a period of 30 days after the entry thereof. In Gilbert v. N. M. Const. Co., 35 N. M. 262, 295 P. 291, we have recently considered the proper scope and meaning of section 105-801. In that case, however, the court granted the application to vacate the default, and in that respect differs from this case where the court has refused to grant the application. In that case, however, we hold that negligence in failing to appear and answer a complaint was not an insuperable objection to the exercise of the power to open the default. We also noted in that case that the showing of good cause which would authorize a court to open a default under section 105-843 was not necessary in cases of this kind. This opinion was handed down after the district court had decided the present case, and, of course, the district court did not have the benefit of our views on this subject.

■ In refusing to open the default in this case, the district court made no findings of fact and assigned no reasons for so doing, but merely overruled the application. Whether the district court was of the opinion that a showing of good cause was necessary, and that such showing had not been made, does not appear from the record, and we are conse- quently at a loss to discover the considerations which actuated the court in its action. However this may be, the law as it now stands in this state is that negligence is not a bar to a prompt application to set aside a default, and in this case there can be gleaned from the record nothing more than negligence on the part of the defendant, and this he strenuously denies, and asserts reliance upon representations and conduct of the plaintiff as his excuse for failure to appear and answer. As we said in Gilbert v. N. M. Const. Co., supra, "to deprive a party of his day in court is a severe penalty for his merely negligent failure to appear." Why the court did so deprive the defendant we are unable to ascertain; he having made no findings of fact or conclusions of law showing the considerations which moved him to so act. His exclusion of some of the evidence offered by the defendant in explanation of his conduct would tend to indicate that the district judge was proceeding upon the theory that good cause must be shown before a default could be set aside. In this the district court was mistaken.

For the apparent failure to exercise the discretion committed to district courts, the order denying the motion to vacate should be reversed. We do not consider, however, that it is our province to substitute a discretion of our own, particularly in the absence of findings and with the material evidence incomplete. The cause should be remanded, with a direction to set aside the order appealed from, to rehear the motion, to make findings of the material facts, and, upon such find-

ings, to take action consistent with the views herein expressed. It is so ordered.

WATSON and SADLER, JJ., concur.

BICKLEY, C. J., and HUDSPETH, J., did not participate.