429 P.2d 366

Ernest J. WAKELY and Janet Wakely, his wife, and United States Fidelity and Guaranty Company, a corporation, Plaintiffs-Appellants,

v.

William J. TYLER and Valley Gold Dairies, Inc., (NSL), a corporation, Defendants-Appellees.

No. 8197.

Supreme Court of New Mexico.

June 19, 1967.

Robert W. McCoy, Albuquerque, for appellants.

W. A. Keleher, T. B. Keleher, Albuquerque, for appellees.

## OPINION

HENSLEY, Chief Judge, Court of Appeals.

The plaintiffs appeal from an order setting aside a default judgment against the defendant.

The plaintiffs, Ernest J. Wakely and his wife Janet C. Wakely, allegedly sustained property damage and personal injuries as the result of an intersection collision between two motor vehicles. The plaintiff, United States Fidelity and Guaranty Company, a corporation, was the insurance carrier for Ernest J. Wakely. The defendant, William J. Tyler was an employee of the defendant Valley Gold Dairies, Inc. The plaintiffs sued the defendants to recover a money judgment of approximately $31,000. Service of process was made on the defendant, Valley Gold Dairies, Inc., on January 27, 1966. No service was had on the defendant Tyler. On March 4, 1966, the plaintiffs made application for a default judgment. On March 10, 1966, a judgment was entered for the plaintiffs and against the defendant Valley Gold Dairies, Inc. for $27,867. Valley Gold Daries, Inc., on March 16, 1966, filed a motion to set aside the default judgment pursuant to § 21-1-1 (55) (c), N.M.S.A. 1953. On April 4, 1966, the trial court entered its order finding that there was excusable neglect on the part of the defendant in failing to file an answer and for that reason set the default judgment aside. The defendant was given ten days in which to file an answer. It is from this order that the plaintiffs have appealed.

The only contention made by the appellants is that the trial court abused its discretion in setting aside the default judgment. Section 21-1-1 (55) (c), supra, authorizes the trial court to set aside a default judgment for good cause and when done in accordance with § 21-1-1 (60), N.M.S.A. 1953. The deposition of the Personnel Manager and Safety Director

of the appellee disclosed that on the day of the accident, or the day following, he advised the insurance carrier for the appellant. Thereafter, the matter was discussed on more than one occasion with the adjuster for the insurance carrier and again the adjuster was advised when a copy of the complaint and summons was served. The summons and complaint remained in the possession of the witness under the mistaken impression that the agent of the insurance carrier would take whatever action was necessary. Section 21–1–1 (60) (b), supra, insofar as it is pertinent to this case provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * for * * * excusable neglect * * *."

The facts of this case are almost a duplication of the facts in Weisberg v. Garcia, 75 N.M. 367, 404 P.2d 565. The same issue was presented there as is presented here. In that case no question was raised concerning the failure of the defendant to allege the existence of a meritorious defense. Here, the appellants direct their entire attack on the ground that the trial court abused its discretion in sustaining a motion that failed to contain an essential element. The point has received some attention in 7 Moore, Federal Practice para. 60.19, at 224 (2d ed. 1955) where this statement appears:

"Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits * *"

Also in 3 Barron and Holtzoff, Federal Practice and Procedure, Sec. 1217 (Rules ed. 1958) we find:

"A motion to set aside a default or a judgment by default is addressed to the discretion of the court, and an adequate basis for the motion must be shown. In exercising this discretion the court will be guided by the fact that default judgments are not favored in the law. Courts exist to do justice, and are properly reluctant to lend their processes to the enforcement of an unjust judgment. At the same time, the rules which require responsive pleadings within a limited time serve important social goals,[1] and a party should not be permitted to flout them with impunity. In balancing these policies the court should not reopen a default judgment merely because the party in default requests it, but should require the party to show both that there[3] was good reason for the default and that he has a meritorious defense to the action. * * *"

See Alopari v. O'Leary, 154 F.Supp. 78 (E.D.Pa.1957); Bowles v. Branick, 66 F. Supp. 557 (W.D.Mo.1946); Trueblood v. Grayson Shops of Tennessee, Inc., 32 F.R.D. 190 (D.C.1963).

The argument advanced by the appellant is valid to the extent that the existence of a meritorious defense must be shown when the ruling of the trial court must rest solely on Section 21–1–1 (55) (c), supra, and Section 21–1–1 (60) (b), supra. However, that proposition is not dispositive of this appeal. Section 21–9–1, N.M.S.A. 1953, authorizes a district court to retain control over its final judgments for a period of thirty days after entry. This section formerly appeared as Section 19–901, 1941 Comp., and as Section 105–801, 1929 Comp. In Hoover v. City of Albuquerque, 56 N.M. 525, 245 P.2d 1038, we stated:

"We need not enter a discussion whether the trial court correctly vacated the judgment under District Court Rule 60 (b) although we think it had the discretion under that rule to do so as to a judgment entered under the circumstances this one was. But whether it did or not, it certainly had such power under 1941 Comp. § 19–901 giving district courts jurisdiction over judgments and decrees for 30 days after entry thereof. * * *"

See also Fairchild v. United States Service Corporation, 52 N.M. 289, 197 P.2d 875; Gilbert v. New Mexico Const. Co., 35 N.M. 262, 295 P. 291.

We conclude that the trial court in vacating the default judgment was acting within the authority of Section 21–9–1, supra, and there was no abuse of discretion. The order appealed from will be affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.