450 P.2d 439

Novella LAFFOON, Plaintiff-Appellant,

v.

GALLES MOTOR COMPANY, a corpora-
tion, Defendant-Appellee.

No. 239.

Court of Appeals of New Mexico.

Jan. 24, 1969.

J. M. Durrett, Jr., Rhodes, McCallister
& Durrett, Albuquerque, for plaintiff-ap-
pellant.

Robert C. Poole, John W. Danfelser,
Poole & Poole, Albuquerque, for defendant-
appellee.

OPINION

OMAN, Judge.

This is an appeal by plaintiff from an
order vacating a default judgment entered
in her favor and against defendant, Galles
Motor Company, hereinafter called Galles.

Complaint was filed on November 9,
1967, by which plaintiff sought recovery
of damages in the amount of $465,000.00
allegedly arising out of personal injuries
sustained by her in an automobile accident.
She claims the accident and her resulting
injuries and damages were caused by a
defective condition in an automobile manu-
factured by defendant, General Motors, and
sold to her by Galles.

Summons and a copy of the complaint
were served on Galles on January 31, 1968
by delivering a copy thereof to its president.

No entry of appearance, answer or other
pleading was filed by or on behalf of
Galles. On March 26, 1968, default judg-
ment was entered for plaintiff in the
amount of $465,000.00 and costs. No evi-
dence was offered in support of the claims
of liability or the damages awarded.

On April 3, 1968, Galles filed an amended
motion to set the judgment aside. It

sought to have the judgment vacated under Rules 55(c) and (e) and 60(b) of the Rules of Civil Procedure (§§ 21–1–1(55) (c) and (e) and 21–1–1(60) (b), N.M.S.A.1953), and under § 21–9–1, N.M.S.A.1953. Three affidavits and a verified answer were attached as exhibits to, and as support for, the motion. Depositions of the president and general manager of Galles were taken by plaintiff and filed in the case.

On April 22, 1968, the court sustained the amended motion to set aside the judgment and entered its order accordingly.

Plaintiff claims an abuse of discretion on the part of the trial court in failing to hear evidence on the motion, and in entering the order. She takes the position throughout her brief in chief that the trial court's actions exceeded its authority under Rules 55(c) and (e) and Rule 60(b), supra, but she makes no mention of § 21–9–1, supra, or of the authority of district courts thereunder to vacate judgments. In her closing argument before us, she did urge that this section of our statutes is inapplicable, and that the decision of our Supreme Court in Wakely v. Tyler, 78 N.M. 168, 429 P.2d 366 (1967) is wrong. She admits that if the decision in that case is correct, then it is applicable here and supports the order of the trial court.

Galles urges that the trial court could and did properly vacate the default judgment under each of the above stated rules of civil procedure, and also under § 21–9–1, supra.

Since we are of the opinion that the trial court's order is supportable as a proper exercise of its authority under § 21–9–1, supra, we need not decide whether the order was properly entered under Rules 55 and 60.

The authority of our district courts, under § 21–9–1, supra, to vacate judgments, including default judgments, has been considered by our Supreme Court on a number of occasions. Wakely v. Tyler, supra; Martin v. Leonard Motor-El Paso, 75 N.M. 219, 402 P.2d 954 (1965); Fairchild v. United Service Corporation, 52 N.M. 289, 197 P.2d 875 (1948); Ambrose v. Republic Mortgage Co., 38 N.M. 370, 34 P.2d 294 (1934); Dyne v. McCullough, 36 N.M. 122, 9 P.2d 385 (1932); Gilbert v. New Mexico Const. Co., 35 N.M. 262, 295 P. 291 (1930); Kerr v. Southwest Flourite Co., 35 N.M. 232, 294 P. 324 (1930). There is at least a suggestion of some inconsistency in the language of these cases as to the extent of this authority.

In Kerr v. Southwest Flourite Co., supra, it was stated that § 105–801 Comp.Stat. 1929 (now § 21–9–1, supra), " * * * restored to district courts, during the period of 30 days, the control which they formerly had over their judgments during term time; * * *"

The control, which our district courts formerly had over their judgments, was the common law control which courts had over their judgments during term time, and this control was a plenary power to vacate, set aside, modify, and annul. This power was based upon the theory that until the term closed the whole matter of the determination of the rights of the litigant rested in the breast of the court, and, theoretically at least, all judgments became final as of the last day of the term. Fullen v. Fullen, 21 N.M. 212, 153 P. 294 (1915); Gilbert v. New Mexico Const. Co., supra.

In Gilbert v. New Mexico Const. Co., supra, it was held that this section of our statutes was applicable to a default judgment entered in an action for negligence, " * * * since, after default entered, the case was one 'where trial by jury is not necessary.' * * *" In the present case, a certificate as to the state of the record, showing Galles to be in default, was entered by the clerk preliminarily to the entry of the default judgment. In the Gilbert case it was also held that the negligent failure of the defendant to appear is not sufficient to deprive him of his day in court, if

it can be avoided "without impeding or confusing administration or perpetrating injustice."

In Dyne v. McCullough, supra, the court considered § 105–801, Comp.Stat.1929 (which now appears as § 21–9–1, supra), and §§ 105–843 and 105–846, Comp.Stat. 1929, which are identical with §§ 4227 and 4230, Code, 1915, referred to in § 21–9–1, supra. In that case the court said: "* * * It is apparent that each of these sections covers different fields and is applicable to different conditions. * *"

See also Martin v. Leonard Motor-El Paso, supra, wherein it is stated that § 21–9–1, supra, does not conflict with the right to grant relief from judgments under Rule 60(b), which has superseded and replaced §§ 4227 and 4230, Code, 1915.

It was also stated in the Dyne case, "* * * that the showing of good cause which would authorize a court to open a default under section 105–843 [§ 4227, Code 1915] was not necessary in cases of this kind. * * *"

It was further stated in the Dyne case that negligence in failing to appear and answer a complaint does not require the denial of a motion to vacate a default judgment. This is in accord with the holding in Ambrose v. Republic Mortgage Co., supra, wherein it was stated that the granting of a motion to vacate a default judgment under the provisions of § 21–9–1, supra (which is the same as §§ 105–801, Comp.Stat.1929), is a matter within the discretion of the trial court, and that discretion is not defeated by the fact that defendant's failure to appear was negligent. In commenting on the scope of the trial court's discretion in ruling on such a motion under this section of our statutes, the court stated: "* * * But the trial court's discretion, though wide and not lightly to be interfered with, is not limitless, and there are circumstances under which a refusal to vacate would be an abuse of discretion. * * *" See to the

same effect the earlier case of Gilbert v. New Mexico Const. Co., supra.

The decisions in the Ambrose and Gilbert cases do place some limitation on the authority of the trial courts to vacate a default judgment under § 21–9–1, supra, in spite of what was earlier said in Fullen v. Fullen, supra, about the plenary power to vacate and that the whole matter of determination of the rights of the litigant rested in the breast of the court. However, in Fairchild v. United Service Corporation, supra, the expression in Fullen v. Fullen, supra, as to the extent of the control the court retains over its judgments for thirty days after the entry thereof, was repeated with approval.

In Martin v. Leonard Motor-El Paso, supra, it was stated:

"* * * Furthermore, § 21–9–1, N.M.S.A.1953, does not conflict with the right to grant relief from judgments under Rule 60(b), since that statute only restored to district courts the *absolute control* they had over their judgments during the term at which they were entered. * * *" (Emphasis added).

In Wakely v. Tyler, supra, the factual situation was so nearly like the one in the present case that what was there said concerning the applicability of § 21–9–1, supra, could probably be said with equal effect in the present case. The court in the Wakely case, as in Hoover v. City of Albuquerque, 56 N.M. 525, 245 P.2d 1038 (1952), from which it quoted, unequivocally announced that the court had authority to vacate a final judgment during the period of thirty days after its entry.

We are not inclined to hold, as apparently has been suggested in some of the above cited cases, that this right of control is absolute and there are no restraints on its exercise. The action of a court must always be supported by a good reason. Gilbert v. New Mexico Const. Co., supra. However, the discretion vested in

**4**

the trial courts in the exercise of control over their judgments under § 21–9–1, supra, is extremely broad. The granting of a motion to vacate a judgment, although there may have been negligence in failing to appear and answer, does not necessarily constitute an abuse of this discretion.

We are of the opinion that the greatest degree of culpability with which Galles can possibly be charged in failing to appear, answer or otherwise plead to the complaint, is that of carelessness and negligence.

The order vacating the default judgment should be affirmed.

It is so ordered.

SPIESS, C. J., and SAMUEL Z. MONTOYA, D. J., concur.