508 P.2d 1303

**Elmer A. HERRERA, Plaintiff-Appellee,**

v.

**SPRINGER CORPORATION, Defendant-Appellant.**

**No. 1024.**

Court of Appeals of New Mexico.

March 9, 1973.

Certiorari Granted April 16, 1973.

William H. Oldaker, Oldaker & Oldaker, Albuquerque, for defendant-appellant.

Dennis Cowper, Chavez & Cowper, Belen, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The appeal involves a default judgment against Springer Corporation. There are two issues: (1) is a workmen's compensation insurer, who has paid compensation, an indispensable party in the workman's action against a third party and (2) did the trial court err in refusing to set aside the default judgment.

*Indispensable party.*

Plaintiff received an injury arising out of and in the course of his employment and was paid workmen's compensation by his employer's insurer, USF&G (United States Fidelity & Guaranty Company). Plaintiff sued Springer alleging Springer's breach of warranty and negligence was the cause of the accident and resulting injury. Default judgment was entered against Springer. Prior to entry of the default judgment, plaintiff's counsel informed the court of his agreement with USF&G ". . . that they will be reimbursed in the amounts they have expended or will expend for medical and compensation benefits." Subsequent to entry of the judgment, a formal assignment was filed with the court. This assignment, executed by plaintiff, affirmed the declaration made in open court by his counsel.

Seeking to set aside the default judgment, defendant claims that USF&G was an indispensable party to plaintiff's suit against Springer and, not being a party at the time of entry of the judgment, the trial court had no jurisdiction to enter the judgment.

A court cannot proceed to judgment in the absence of an indispensable party. State v. Scarborough, 78 N.M. 132, 429 P.2d 330 (1967). The question is whether USF&G was such a party.

Any interest of USF&G in plaintiff's suit against Springer arises under § 59–10–25, N.M.S.A.1953 (Repl.Vol. 9, pt. 1). The 1971 amendment to that section is not applicable since the amendment was enacted subsequent to the date of plaintiff's accident and injury. Section 59–10–25, supra, provides that the right of a workman to recover damages for injuries occasioned by the negligence or wrong of a person other than the employer is not affected by the Workmen's Compensation Act. It also provides that a workman may not recover such damages and also claim compensation ". . . and in such case the receipt of compensation . . . shall operate as an assignment to the employer, his or its in-

surer . . . or [of] any cause of action, to the extent of the liability of such employer to such workman . . . which the workman . . . may have against any other party for such injuries. . . ."

■ Our Supreme Court has consistently held that § 59–10–25, supra is a reimbursement statute; it has also consistently held that there is but one cause of action. Varney v. Taylor, 71 N.M. 444, 379 P.2d 84 (1963); Royal Indem. Co. v. Southern Cal. Petroleum Corp., 67 N.M. 137, 353 P.2d 358 (1960); Kandelin v. Lee Moor Contracting Co., 37 N.M. 479, 24 P.2d 731 (1933). As to the workman's position under § 59–10–25, supra, Castro v. Bass, 74 N.M. 254, 392 P.2d 668 (1964) states: " . . . our statute contemplated that an employee receiving compensation had a right to sue a third party tortfeasor responsible for his injury; that this right was for the entire amount of damages suffered by the workman with the employer or his insurer to be reimbursed out of any amounts received." We emphasize two points: the workman sues the third party for the entire amount of damages; the employer or insurer is reimbursed out of amounts received by the workman.

We examine Springer's contentions in the light of the foregoing explanation of § 59–10–25, supra. Springer contends that since there is but one cause of action and since, upon payment of compensation, a portion of the cause of action is assigned to the employer or insurer, the employer or insurer becomes an indispensable party. Springer's argument is based both on general law and on cases under our workmen's compensation law.

Examples of general law decisions are Torres v. Gamble, 75 N.M. 741, 410 P.2d 959 (1966) and Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045 (1957). See Home Fire & M. Ins. Co. v. Pan American Petroleum Corp., 72 N.M. 163, 381 P.2d 675 (1963) for an explanation of Sellman v. Haddock, supra. Torres v. Gamble, supra, states: "Since our decision in Sellman v. Haddock . . . there can be no question that in this jurisdiction an insurer that has paid its insured for a loss, in whole or in part, is a necessary and indispensable party to an action to recover the amounts paid from a third party allegedly responsible therefor. . . ."

■ We do not deem this general law to be inapplicable because the workman is the statutory beneficiary of workmen's compensation insurance rather than the insured. Section 59–10–3, N.M.S.A.1953 (Repl.Vol. 9, pt. 1). Rather, we look to the reason behind the general law. The reason is that the insurer has the right to collect the amount it has paid from the party who caused the damage. If it has this right, it owns the right sought to be enforced and is in a position to release the third party from the liability upon which the action is grounded. In this situation the insurer is an indispensable party. Sellman v. Haddock, supra; Crego Block Co. v. D. H. Overmyer Co., 80 N.M. 541, 458 P.2d 793 (1969).

The "right to collect" in the above situation is based on the fact that the insurer has paid what another should have paid and, having done so, the rights and remedies of the original creditor are assigned to the insurer. This is the the right of subrogation. See State Farm Mut. Auto. Ins. Co. v. Foundation R. Ins. Co., 78 N.M. 359, 431 P.2d 737 (1967).

Section 59–10–25, supra, does not deal with the right of subrogation, but with the right of reimbursement. Royal Indem. Co. v. Southern Cal. Petroleum Corp., supra. The reimbursement is out of amounts received by the workman because the workman sues for the entire amount of damages suffered. Castro v. Bass, supra. Since the "right to collect" is in the workman, the compensation insurer does not own the right to enforce liability and cannot release the third party from liability. The result in this case is that USF&G was not an indispensable party under the concepts applied in Torres v. Gamble, supra, and Sellman v. Haddock, supra.

We now consider the workmen's compensation decisions. Varney v. Taylor, supra, states:

". . . under prior rulings of this court, it would seem that unless the insurance company is allowed to become a party-plaintiff, it will forfeit its right to reimbursement under § 59–10–25, N.M. S.A.1953. This is because we specifically held in Royal Indemnity Co. v. Southern Cal. Petroleum Corp., 1960, 67 N.M. 137, 353 P.2d 358, that the statute was a reimbursement statute, and that there was but one cause of action in the employee, even though a part of the recovery is to be paid to the employer or his insurer. The opinion in Royal was a logical result from our holdings in Kandelin v. Lee Moor Contr. Co., 1933, 37 N.M. 479, 24 P.2d 731, and Sellman v. Haddock, 1957, 62 N.M. 391, 310 P.2d 1045. Therefore, for the trial court to have found that the insurance company would not be bound by the judgment is in error, for otherwise it would contemplate the splitting of a cause of action, and, even if this were allowed, not all the parties would be before the court in the second case. Thus, as we said in Royal, there would be the lack of an indispensable party."

The reference to "indispensable party" in *Royal* does not aid Springer because the reference is to the *workman* as the indispensable party. The workman is an indispensable party because it is the workman who has the claim against the third party. The intimation that the compensation insurer is indispensable appears in Kandelin v. Lee Moor Contracting Co., supra, and Varney v. Taylor, supra. We discuss those decisions.

In *Kandelin,* the compensation carrier was a party in the proceedings against the alleged tortfeasor, but was removed from the case prior to adjudication of the liability issue by the trial court's ruling on a plea in bar. The appellant-defendant was the tortfeasor. Our Supreme Court held the trial court erred, saying: ". . .

upon the record, the defendant is entitled to an adjudication as to whether the Pacific Indemnity Company has an interest in the recovery. . . ." Our Supreme Court did not, however, disturb the verdict, but remanded the cause for determination of the insurer's right to participate in the recovery.

We question a defendant's right to an adjudication as to a compensation insurer's right to participate in the workman's recovery from the defendant. We do so because *Kandelin* also states: ". . . Whether the insurance carrier is entitled to any part of the recovery in this case is no concern of the appellant [defendant]. . . ." The result in *Kandelin* may be explained on the basis the insurer was a party to the suit and had been improperly removed therefrom. This explanation is consistent with the tortfeasor's "no concern" with the insurer's right to participate in the recovery.

Varney v. Taylor, supra, following *Kandelin* and Royal Indem. Co. v. Southern Cal. Petroleum Corp., supra, establishes clearly that a compensation insurer has the right to intervene in the workman's suit against a third party. It does not hold that the insurer is an indispensable party to that suit. *Varney* states that unless the insurer is allowed to intervene it will forfeit its right to reimbursement. This statement is incorrect. The insurer's right to reimbursement is established by § 59–10–25, supra. That right is not waived by failure to participate in the trial of the workman's action against the third party. Byers v. North Carolina State Highway Commission, 275 N.C. 229, 166 S.E.2d 649 (1969). That statutory right may be protected in a variety of ways. In McDonald v. E. J. Lavino Company, 430 F.2d 1065 (5th Cir. 1970), the insurer's rights were protected by allowing intervention after judgment had been entered against the tortfeasor. See the method of protecting the insurer's rights in *Varney* and *Royal.* Under the facts of this case it is not claimed that USF&G has lost its right of reimbursement; yet, it is not a party.

*Varney* also states that the insurer is bound by the judgment in the workman's suit against the allegedly liable third party. This statement is consistent with: (a) Royal Indem. Co. v. Southern Cal. Petroleum Corp., supra, where the third party settled the claims of the workman and the insurer's right to reimbursement was by the fact of settlement held to be established; (b) Castor v. Bass, supra, where the workman's recovery from the third party was less than the insurer's contingent workmen's compensation liability and because of the third party recovery, the employee could recover no further compensation; (c) White v. New Mexico Highway Commission, 42 N.M. 626, 83 P.2d 457 (1938), where the workman's settlement with the tortfeasor resulted in the workman being unable to recover any compensation; and, (d) Brown v. Arapahoe Drilling Company, 70 N.M. 99, 370 P.2d 816 (1962), where the workman's failure to recover from the third party did not foreclose his right to compensation. In each of these cases, resolution of the issues between the workman and the third party controlled both the rights and liabilities of the compensation insurer.

The cases referred to in the preceding paragraph show that reimbursement of the insurer is necessarily affected by the results of the litigation between the workman and the third party. If the workman obtains a settlement, or recovers from the tortfeasor, the right to reimbursement is established. If the workman fails to recover, the right to reimbursement is lost.

Since the interests of the compensation insurer are necessarily affected, does that result in USF&G being an indispensable party in this case? ". . . An indispensable party is one whose interests will necessarily be affected by a judgment in a particular case. . . ." Home Fire & Marine Insurance Company v. Schultz, 80 N.M. 517, 458 P.2d 592 (1969); State Farm. Mut. Auto. Ins. Co. v. Foundation R. Ins. Co., supra; State v. Scarborough, supra. Definition of indispensable party in terms of "necessarily affected" requires

elaboration. Miller v. Klasner, 19 N.M. 21, 140 P. 1107 (1914) states:

": . . It is a familiar and fundamental rule that a court can make no decree affecting the rights of a person over whom it has not obtained jurisdiction, or between the parties before it, *which so far involves or depends upon the rights of an absent person, that complete and final justice can not be done between the parties to the suit without affecting those rights*. . . . The interest of Ellen Casey was necessarily so interwoven with the interests of the parties to this suit, that no decree could possibly be made, affecting the rights of those before the court, without operating upon her interest. . . ." [Emphasis added]

See C. de Baca v. Baca, 73 N.M. 387, 388 P.2d 392 (1964).

Although the results of the litigation between the workman and the third party necessarily affect the insurer because that result determines whether the insurer will in fact be reimbursed, the third party litigation does not involve the insurer's *right* to reimbursement. That right is conferred by § 59–10–25, supra. Further, the issues in the third party litigation do not depend upon the insurer's right to reimbursement. Complete and final justice can be done between the workman and the third party without affecting any right of the insurer to the reimbursement accorded by § 59–10–25, supra.

In summary—the general law of subrogation is not applicable to the right of reimbursement accorded by § 59–10–25, supra. The absence of USF&G as a party to this action did not result in splitting the cause of action because the cause of action is the workman's. The absence of USF&G as a party did not forfeit USF&G's right to reimbursement. Its right to reimbursement did not depend on it being a party to the third party litigation at the time judgment was entered. While USF&G is bound by the results of the third party litigation, it is bound whether or not it is

a party to that litigation. To be an indispensable party, the rights of the absent party must be involved or the issues between the parties must depend upon the rights of the absent party. Our conclusion is that USF&G was not an indispensable party to plaintiff's suit against Springer. Compare Sharrock v. Perkins, 297 F.Supp. 1285 (W.D.Okl.1969).

*Setting aside default judgment.*

The indispensable party issue, which has been discussed and decided, attacked the propriety of entering the default judgment. This issue attacks the correctness of the trial court's decision in refusing to set that judgment aside.

The motion to set aside the default judgment was pursuant to §§ 21–1–1(55) (c) and 21–1–1(60) (b), N.M.S.A.1953 (Repl.Vol. 4). See Starnes v. Starnes, 72 N.M. 142, 381 P.2d 423 (1963).

Two issues were raised by the motion: (1) the existence of grounds for setting aside the default judgment and (2) the existence of a meritorious defense. Singleton v. Sanabrea et al., 35 N.M. 491, 2 P.2d 119 (1931); see Wakely v. Tyler, 78 N.M. 168, 429 P.2d 366 (1967); Compare Brown v. Lufkin Foundry & Machine Company, 83 N.M. 34, 487 P.2d 1104 (Ct.App.1971).

The moving party has the burden of showing he is entitled to the relief sought, Singleton v. Sanabrea et al., supra, and, thus, must carry that burden on each of the issues. The motion is properly denied if the moving party fails to show the existence of grounds for setting the default judgment aside. Stalick v. Wilson, 21 N. M. 320, 154 P. 708 (1916); see Wooley v. Wicker, 75 N.M. 241, 403 P.2d 685 (1965). The motion is also properly denied if the moving party fails to show the existence of a meritorious defense. Gomes v. Williams, 420 F.2d 1364 (10th Cir. 1970).

Defendant's motion alleged that its default was due to mistake, inadvertence and excusable neglect—thus, it alleged the existence of grounds for setting aside the default judgment. See § 21–1–1(60)(b)(1), supra. The motion also alleged " . . . a meritorious defense to all or part of plaintiff's claim." The motion was supported by several affidavits. Plaintiff did not file opposing affidavits, but did introduce one exhibit in opposition to the motion. In denying the motion, the trial court found that " . . . Defendant has failed to prove the allegations contained in its motion. . . ."

The showing made by defendant's affidavits, which go to the existence of grounds for setting aside the default judgment are essentially uncontroverted. " . . . [W]here there are no intervening equities, the trial court should be liberal in detemining what is a good excuse. . . ." Weisberg v. Garcia, 75 N.M. 367, 404 P.2d 565 (1965). The exhibit introduced by plaintiff in opposition to the motion is not directed to the grounds asserted for setting aside the default judgment. The record before us does not show any intervening equities.

Since no intervening equities have been shown, the trial court was required to be liberal in examining defendant's affidavits in determining whether defendant's default was due to mistake, inadvertence, or excusable neglect. A liberal reading of the affidavits, which are not controverted, established grounds for setting aside the default judgment. In ruling against defendant on the first issue, the trial court erred because the only showing before the trial court was that grounds existed for setting aside the default judgment. In so holding, we have not overlooked the rule that the trial court's decision was discretionary and is to be set aside only for an abuse of discretion. Sears v. Board of Trust. of Anton Chico Land Grant, 83 N.M. 372, 492 P.2d 643 (1971); Guthrie v. United States Lime and Mining Corporation, 82 N.M. 183, 477 P.2d 817 (1970). On the record here, the trial court acted unreasonably in disregarding the only showing made and, thus, abused its discretion. Conejos County Lbr. Co. v.

Citizens Savings & L. Ass'n, 80 N.M. 612, 459 P.2d 138 (1969).

We reach a different result in considering the second issue raised by the motion—the existence of a meritorious defense. In resolving this issue we follow the statement in Singleton v. Sanabrea et al., supra, to the effect that the existence of a meritorious defense, as shown by the moving party's affidavits, cannot be controverted by counter affidavits. Thus, we do not consider the exhibit introduced by plaintiff; we consider only the showing made by defendant.

The only showing in defendant's affidavits going to the existence of a meritorious defense is a statement which reads:

"... that based upon a preliminary investigation of the accident or incident, which is the subject matter of the above suit, affiant is informed and believes that it was not caused by the negligence or conduct of Springer Corporation, but probably by conduct on the part of the manufacturer of the equipment involved, which equipment was delivered by Springer Corporation, as delivering agent for the manufacturer, to plaintiff's employer."

Since the quoted statement is on "information and belief," there is a question as to whether it is entitled to any consideration at all. Singleton v. Sanabrea et al., supra. In this appeal we assume the statement in the affidavit may be considered.

The motion asserts that defendant has a meritorious defense; that defendant has a meritorious cause of action against third parties; that to permit the judgment to stand will prevent defendant from protecting itself by asserting legal rights it has against others; that there have been no intervening equities; that the judgment is excessive and not supported by evidence; and, that to permit the judgment to stand would work a gross injustice upon defendant.

The argument to the trial court restated the grounds named in the motion. Defense counsel also stated:

"... Although we are not clearly aware of all the circumstances surrounding the plaintiff's injury in this case, our preliminary investigation since last week when the Writ of Execution was served on us, indicates that the plaintiff was operating a piece of machinery which was delivered to his employer by Springer Corporation. And that the machinery was made by a company called Wabco. Apparently what happened, as far as we can find out, something went wrong with the machinery and the plaintiff was thereby injured—a wheel came off. Well now, Springer delivered that machine as the agent for the manufacturer and Springer is informed and fully believes they have a cause of action in this case over and against the manufacturer Wabco which is a meritorious crossclaim. As a matter of fact, Springer feels that it was not negligent in any way. Now this machine was brand new and Springer feels that it has a meritorious defense —simply that it wasn't negligent, that somebody else was negligent. And also the default judgment was entered on the basis of the prayer of the complaint and Mr. Cowper tells me that it was on the testimony with respect to the damages, but I can't imagine a $250,000.00 judgment being actually justified on litigated basis. . . ."

Counsel for defendant also referred to the statement quoted above from one of the defense affidavits; asserted that a simple denial of negligence is equivalent to a showing of a meritorious defense; reiterated that somebody other than Springer was negligent; and contended it would be a gross injustice to let the default judgment stand because Springer is a significant contributor to the area's economic base and "$250,000.00 is a lot of money."

What satisfies the requirement that a party show a meritorious defense?

Trueblood v. Grayson Shops of Tennessee, Inc., 32 F.R.D. 190 (E.D.Va.1963) states:

". . . the bare wording of Rule 60(b) does not require the showing of the existence of a meritorious defense but this is judicially established and apparently is left within the sound discretion of the trial court. . . . [T]here is no universally accepted standard among courts as to what satisfies the requirement that a party show a meritorious defense. Roughly the cases fall into three categories. Some courts have insisted upon a specific recitation of facts in the motion, answer or affidavit which, if proven, would constitute a meritorious defense (citations omitted). Another approach to the problem is that group of cases which accepts allegations, conclusions and even denials in the moving party's motion or supporting affidavit (citations omitted). Finally, the courts have treated oral statements, affidavits *or the court's own assumption* as sufficient indication of the existence of a meritorious defense. . . ."

We assume, but do not decide, that statements in the motion and the arguments of counsel, could be properly considered. Thus, our review includes the affidavit, the motion and the argument of counsel. Having assumed that everything presented to the trial court is to be considered, regardless of the form of the presentation, we now must determine what showing is required to be made in that presentation.

Trueblood v. Grayson Shops of Tennessee, Inc., supra, required a prima facie showing of a meritorious defense. In Gomes v. Williams, supra, the attorney seeking to set aside the default judgment asserted defendant had a good defense to plaintiff's claim. The federal Court of Appeals stated:

". . . Such a bald allegation, without the support of facts underlying the defense, will not sustain the burden of the defaulting party under Rule 60(b). In an attempt to determine the meritorious nature of a defense, the trial court must have before it more than mere allegations that a defense exists. This alone was sufficient basis to deny Rule 60(b) relief. . . ."

Other federal cases requiring a showing of the facts underlying the defense are: Madsen v. Bumb, 419 F.2d 4 (9th Cir. 1969); Robinson v. Bantam Books, Inc., 49 F.R.D. 139 (S.D.N.Y.1970); Nelson v. Coleman Company, 41 F.R.D. 7 (D.S.C. 1966). See also Consolidated Masonry & Fireproof, Inc. v. Wagman Const. Co., 383 F.2d 249 (4th Cir. 1967). The federal decisions are of importance because § 21–1–1(60)(b), supra, is derived from the federal rule of the same number. See Compiler's note to § 21–1–1(60)(b), supra.

Singleton v. Sanabrea et al., supra, decided prior to our Rule 60(b), supra, quotes with approval from a legal text, as follows:

"' . . . on the application to vacate the court does not try and determine whether or not a . . . defense exists in point of fact, but only whether such a prima facie case has been made as ought to be tried and determined in a regular way.'" [citation omitted]

■ To make a prima facie showing that a defense exists, the moving party must, consistent with the above cited federal decisions, allege facts underlying the defense. An unsupported statement of "no negligence" is insufficient.

Here, the affidavit, the motion and the argument of counsel all conclude that there is a meritorious defense but there are no underlying facts in support of this contention. Assuming, but not deciding, that the conclusion of a claim over against a third party may be included within a "meritorious *defense*," there are no underlying facts in support of the third party claim.

■ New Mexico decisions recognize that liability and damages are separate concepts. See Cherry v. Stockton, 75 N.M. 488, 406 P.2d 358 (1965); Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798 (1961). Compare N.M.U.J.I. 14.1. Mat-

ters involving large sums of money should not be determined by default judgment if it can be reasonably avoided. Hutton v. Fisher, 359 F.2d 913 (3rd Cir. 1966); Rooks v. American Brass Company, 263 F.2d 166 (6th Cir. 1959); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3rd Cir. 1951). Accordingly, we assume, but do not decide, that the damages awarded in the default judgment should be considered separately from any question of liability.

The defense affidavit, quoted above, does not refer to the amount of damages. The motion asserts the judgment is excessive and not supported by substantial evidence. Counsel's argument questions whether a judgment of $250,000.-00 would have been returned if the matter had been litigated and reminds us that the judgment is for a substantial sum. None of the foregoing indicates any underlying fact as a defense to the amount of the damages awarded. Only in this Court was a theory of excessive damages revealed; here, it was argued that there was a lack of proof as to plaintiff's lost future earnings and plaintiff's permanent disability. On the showing made concerning the amount of damages, the trial court could properly conclude that it provided no reasonable basis for opening up the damage award.

No underlying facts having been presented, to the trial court concerning a defense to plaintiff's claim on the theory of nonliability, of liability over against a third party or of excessive damages, the trial court could properly rule that defendant had failed to show a meritorious defense. Whether the judges of this Court would have reached the same result is not the issue. The issue is whether the trial court abused its discretion in reaching this result—that is, whether it acted arbitrarily or unreasonably. Conejos County Lbr. Co. v. Citizens Savings & L. Ass'n, supra. On this record, we cannot say as a matter of law that the trial court's action was arbitrary or unreasonable.

There remains for consideration the contention that it would be a gross injustice to allow the judgment to stand. Such a claim involves § 21–1–1(60)(b)(6), supra, which authorizes relief for ". . . any other reason justifying relief from the operation of the judgment. . . ." Our understanding is that this provision also requires a showing of a meritorious defense. See 7 Moore's Federal Practice ¶60.27 (1972). The trial court could properly rule that such a showing was not made in this case.

The default judgment is affirmed.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., concurring in part and dissenting in part.

SUTIN, Judge (concurring in part and dissenting in part).

I concur with the majority opinion that U.S.F.&G. is not an indispensable party, and I dissent for failure to set aside the default judgment, or at least to reverse the judgment to try the issue of damages.

### I. *U.S.F.&G. is not an Indispensable Party.*

Defendant contends that U.S.F.& G. was an indispensable party. This was an afterthought. Under this record, U.S.F.&G. had no claim against defendant for reimbursement of compensation benefits because U.S.F.&G. was to be reimbursed from plaintiff's judgment. U.S.F.&G. was, therefore, not an indispensable party.

The reason for the lengthy analysis in the majority opinion was to clear up the judicial mess of the past caused by language used in § 59–10–25, supra. The time has come to avoid skirting around a conflict in decisions, error appearing therein, and vagueness of expression. A definite rule is necessary to guide the legal profession and district courts in the future. Legislative amendment of § 59–10–25, supra, is mandatory.

## II. *The Trial Court Failed to Exercise Discretion Before Entry of Default Judgment.*

The onerous consequences which follow a default judgment require perspective of our approach to this subject.

In Gilbert v. New Mexico Const. Co., 35 N.M. 262, 295 P. 291 (1931), Justice Watson said:

> To deprive a party of his day in court is a severe penalty for his merely negligent failure to appear. Such penalty should be avoided if it can be done without impeding or confusing administration or perpetrating injustice.

Courts should bear in mind that default judgments are not favored since the law prefers that claims be tried on their merits, Wooley v. Wicker, 75 N.M. 241, 403 P.2d 685 (1965), in the absence of a showing of prejudice to the plaintiff. Ballard v. Billings & Spencer Co., 36 A.D.2d 71, 319 N.Y.S.2d 191 (1971); Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969); Horn v. Intelectron Corp., 294 F.Supp. 1153 (S.D.N.Y. 1968).

Rule 55(b) [§ 21–1–1(55)(b), N.M.S.A. 1953 (Repl.Vol. 4)] did not declare "open season" against defaulting defendants. *Ballard,* supra. It must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments. Any doubts about whether relief should be granted should be resolved in favor of the defaulting defendant. *Tolson,* supra. In fact, only a slight abuse of discretion may justify reversal. Barr v. Rhea Radin Real Estate, Inc., 251 A.2d 634 (D.C.App.Ct.1969).

It has often been said that matters involving large sums of money should not be determined by default judgment if it can reasonably be avoided. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3rd Cir. 1954); Horn v. Intelectron Corp., supra; Trueblood v. Grayson Shops of Tennessee, Inc., 32 F.R.D. 190 (D.C.Va.1963).

A careful reading of the cases on this subject will prove that default judgments should be granted only where a party has evidenced a disregard for the judicial process or hardship will result. Kinnear Corporation v. Crawford Door Sales Company, 49 F.R.D. 3 (D.S.C.1970).

We must remember that Rules of Civil Procedure are in the administration of justice and transcend in importance mere inconvenience to a party litigant. Every man is entitled to his fair day in court. Salitan v. Carrillo, 69 N.M. 476, 368 P.2d 149 (1961).

With this philosophical legal approach, we encounter a new basis for reversal under Rule 55(b), supra, a matter of first impression on this subject.

Does the district court have a duty to investigate the failure of defendant to appear and then, based upon the facts and circumstances, exercise his discretion in granting or denying a default judgment? In my opinion, the answer is "yes."

Rule 55(b), supra, provides in part:

> Judgment by default may be entered as follows: in all cases the party entitled to a judgment by default shall apply to the court therefor; . . . If, in order to enable the court *to enter judgment . . . it is necessary* to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or *to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.* . . . (Emphasis added).

This division of the rule was derived from Rule 55(b) of The Federal Rules of Procedure with deletion of paragraph (1) dealing with the entry of *default judgment* by the clerk. Because paragraph (1) exists in The Federal Rules of Procedure, the question of hearings and references has not arisen in federal courts.

The grant or denial by the court of entry of "a default judgment lies within the sound discretion of the trial court. This proposition is supported by good sense. And its soundness is also demonstrable by reference to Rule 55(c), which authorizes

the trial court to set aside an entry of default on a showing of good cause." 6 Moore's Federal Practice § 55.05(2). (1972).

What is meant by "judicial discretion?" It has been variously defined in Independent, etc., Co. v. N.M. C.R. Co., 25 N.M. 160, 178 P. 842 (1919), and Pankey v. Hot Springs Nat. Bank., 42 N.M. 674, 84 P.2d 649 (1938). When these definitions are coalesced they mean to me that a trial judge should act honestly in accordance with what is fair, equitable and wholesome as discerned by his personal wisdom and experience. He should note the difference between right and wrong, and he should avoid mere whim and caprice, prejudice and affectation. This discretion is governed by principle and by regular procedure for the accomplishment of the ends of right and justice.

Human nature dictates that the exercise of discretion will change from judge to judge.

"An abuse of discretion is said to occur when the court exceeds the bounds of reason, all the circumstances before it being considered." *Independent, etc., Co.,* supra. It is obvious that if a trial judge does not exercise discretion, his ruling is arbitrary and capricious.

When plaintiff appeared for default judgment, the following occurred:

MR. COWPER: Your honor, this is a default matter but the Court wanted to hear evidence from Mr. Herrera before setting damages.

THE COURT: How much damages are you asking?

MR. COWPER: We are asking for $250,000.00.

THE COURT: What happened to the Defendant?

MR. COWPER: The Defendant has simply not answered, not responded at all.

THE COURT: Alright, let's hear the testimony.

At this point in the proceedings, no discretion was exercised. No facts or evidence relative to non-appearance was presented.

The defendant is a well known, large, solvent corporation. Should inquiry have been made about the failure of defendant to appear? Does common sense indicate that defendant would abhor a default judgment of $250,000.00? Does justice dictate that defendant would want to have its day in court? Was this a matter about which the trial court should make an investigation?

An "investigation" is a "judicial inquiry." State ex rel. Smilack v. Bushong, 93 Ohio App. 201, 112 N.E.2d 675 (1952). When a defendant is served with process and fails to appear, inquiry should be made. The defendant should be notified that a default has been entered; that defendant may appear and may offer, orally or by affidavit, such evidence as it may desire, and it may file a proposed answer to show whether it has a meritorious defense, together with statements of witnesses and reports of any investigation.

If a hearing is held, the court will then determine, upon a review of the foregoing, whether defendant has evidenced a disregard for judicial process, whether defendant has a meritorious defense, and whether hardship to plaintiff will result. See *Trueblood,* supra; *Kinnear Corporation,* supra. *Trueblood,* supra, was cited in Wakely v. Tyler, 78 N.M. 168, 429 P.2d 366 (1967).

Based upon the facts, evidence and testimony, the trial court can then exercise its discretion and determine whether to grant or deny default judgment. This procedure is necessary to enable the court to enter judgment.

Since the trial court did not exercise its discretion for entry of the default judgment, the default judgment should be vacated and this cause should be remanded to the trial court to make an inquiry, and to conduct a hearing, if necessary, before entry of its order.

### III. *The Existence of Grounds for Setting Aside the Default Judgment are Present.*

I concur with the majority opinion that grounds for setting aside the default judgment exist pursuant to Rule 60(b) because defendant's default was due to excusable neglect.

### IV. *Defendant Established a Meritorious Defense to Plaintiff's Complaint.*

What is a "meritorious defense" to a claim for relief based on negligence?

A meritorious defense means "a defense worthy of presentation, not one which is sure of success." If there is a conflict in evidence over whether the defendant was guilty of negligence, or the plaintiff guilty of contributory negligence, it is obviously a meritorious defense. Medford Red Cab, Inc. v. Duncan, 341 Mass. 708, 172 N.E.2d 260 (1961). We have no occasion to determine at this time whether the statements made or facts pleaded are sufficient in law. Barto v. Sioux City Electric Co., 119 Iowa 179, 93 N.W. 268 (1963); Spencer v. American United Cab Association, 59 Ill. App.2d 165, 208 N.E.2d 118 (1965); Dann v. Gumbiner, 29 Ill.App.2d 374, 173 N.E.2d 525 (1961); see, Annot., 174 A.L.R. 10 at 59, 132 (1948). On page 132, the author says:

In connection with actions for injuries to person or property based on defendant's negligence the commonest defense is a simple denial of any negligent conduct, and, as has been previously pointed out, this is generally regarded as meritorious for purposes of relief against a judgment.

However, even though no precedent on the precise point has been uncovered, a "defense" which will warrant opening of a default judgment is not made out by a claim over against a third party as defendant contends. Stone Conveyor Company v. Nickerson, Sup., 235 N.Y.S.2d 1017 (1962).

In its motion to set aside the default judgment, defendant stated it had a merito-rious defense to all or part of plaintiff's claim. In support thereof, defendant submitted an affidavit of the vice president and secretary of defendant corporation. By sworn affidavit, defendant stated:

. . . ; that based upon a preliminary investigation of the accident or incident, which is the subject matter of the above suit, *affiant is informed and believes that it was not caused by negligence or conduct of Springer Corporation,* but probably by conduct on the part of the manufacturer of the equipment involved, *which equipment was delivered by Springer Corporation, as delivering agent for the manufacturer, to plaintiff's employer.* (Emphasis added).

Section 21–1–1(8)(b), N.M.S.A.1953 (Repl.Vol. 4) is entitled "Defenses—Form of Denials." It reads in part:

A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. *If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial.* (Emphasis added).

"Answers that set forth that defendant has not sufficient knowledge or information to form a belief in legal effect constitute denials." McHenry v. Ford Motor Co., 269 F.2d 18, at 23 (6th Cir. 1959). This is typical where denials are made by corporations because an officer of a corporation rarely has personal knowledge and must rely on information received from subordinates. National Millwork Corp. v. Preferred Mut. F. Ins. Co., 28 F.Supp. 952, at 953 (D.C.N.Y.1939).

Thus, in Wagg v. Hall, 42 F.R.D. 589 (D.C.1967) the court said:

. . . Before granting a motion to vacate a default judgment, the courts invariably require either a specific recitation of facts that support a "reasonable showing" of a meritorious defense . . . *or else at least a credible alle-*

*gation that such a defense exists.* (Emphasis added).

A footnote says:

The single statement to the contrary in Trueblood v. Grayson Shops of Tennessee, Inc., 32 F.R.D. 190, 196 (E.D.Va. 1963) is not supported by the cases cited therein.

This footnote is applicable to the quotation from *Trueblood*, supra, quoted in the majority opinion.

Plaintiff claims that defendant, by contract of sale, sold the Wabco scraper to plaintiff's employer; that pursuant to this contract, defendant delivered the scraper to plaintiff's employer; that defendant was negligent in delivering the self loader to plaintiff's employer. If defendant's statement of facts, supra, were inserted in an answer, it would constitute "a defense worthy of presentation."

In territorial days, in considering a motion to set aside a default judgment, the court, in Metzger v. Waddell, 1 N.M. 400, at 407–408 (1867) said:

Motions of this kind are addressed to the sound discretion of a court, and in all ordinary cases where merit is shown, the courts consider it the exercise of sound discretion to grant such motions. In the effort to administer justice, which is the plain duty of all courts, such a motion is never refused unless there is no merit in the defense set up, or there has been gross negligence on the part of a defendant. In the effort to administer justice, courts must look to the rights of all the parties litigant, and be guided by the lights of the decisions of other courts upon similar questions, under similar circumstances.

"Justice, justice shalt thou pursue," has been the guiding light in the administration of these legal principles.

## V. *The Judgment was Excessive.*

Defendant's motion to set aside the default judgment claimed the judgment excessive and not supported by the evidence. In support of this point, defendant submitted requested findings that plaintiff was 31 years old with net take home pay of $540.-00 (per month); that plaintiff is not permanently disabled. See Dyne v. McCullough, 36 N.M. 122, 9 P.2d 385 (1932). These requested findings were based on plaintiff's testimony at the time of hearing on default.

The trial court found that defendant failed to prove the allegations contained in the motion and its motion was denied. The record supports defendant's requested finding that plaintiff was not permanently disabled and the court's finding is in error.

The entry of a default judgment against a defendant is not considered an admission by defendant of the amount of unliquidated damages claimed by plaintiff. 6 Moore's Federal Practice § 55.07 (1972 Ed.). A default judgment entered on well-pleaded allegations in a complaint establishes defendant's liability. Where damages are unliquidated and uncertain, Rule 55(b), supra, requires plaintiff to prove the extent of the injuries established by the default. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51 (2nd Cir. 1971).

This court has the power to remit an excessive judgment, Jackson v. Southwestern Public Service Company, 66 N.M. 458, 349 P.2d 1029 (1960), or reverse to try the issue of damages. Foster v. New Albany Machine & Tool Co., Inc., 63 N.J.Super. 262, 164 A.2d 492 (1960).

A judgment of $250,000.00 for the injuries sustained by plaintiff is shockingly excessive. The least we can do in seeking justice is to reverse and require a hearing on the issue of damages.

## VI. *Reversal Should be "Upon Such Terms as are Just."*

Rule 60(b), supra, provides that a trial court may relieve a party from a final judgment "upon such terms as are just." That same rule should apply to this court. The defendant should be required to pay all costs, expenses and attorney fees incurred by plaintiff in this court and in the court below as a penalty in lieu of its day in court. 7 Moore's Federal Practice, at 239, 240 (1972).